Michael Alan CROOKER, Appellant,

v.

U. S. STATE DEPARTMENT.

No. 79–2441.

United States Court of Appeals, District of Columbia Circuit.

June 30, 1980.

As Amended July 11, 1980.

Michael Alan Crooker was on the brief, pro se.

Charles F. C. Ruff, U. S. Atty., John A. Terry, Michael W. Farrell, Diane M. Sullivan and Barry M. Tapp, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before MacKINNON and ROBB, Circuit Judges and CORCORAN,* Senior District Judge for the District of Columbia.

Opinion PER CURIAM.

PER CURIAM.

In January, 1977, appellant Michael Alan Crooker (a federal prisoner proceeding *pro se*) requested from the State Department a copy of all files indexed under his name. Nineteen documents were found. Thirteen of them which had originated with the Federal Bureau of Investigation (FBI) were forwarded to that agency for review and direct response to appellant. The FBI released the thirteen documents to appellant on April 17, 1978. Nevertheless, on August 1, 1978, Crooker wrote the State Department requesting the FBI documents indexed under his name. The State Department responded that the FBI had released the thirteen documents to him on April 17, 1978.

Appellant then filed the complaint in this case under the Freedom of Information Act (5 U.S.C. § 552) seeking declaratory and injunctive relief against the State Department. The only documents at issue are the thirteen documents already released to him by the FBI.

■■■ The District Court has previously disallowed a second claim by plaintiffs seeking the same documents from a separate agency. *Lynas v. United States Department of State*, Civ. No. 76–1880, slip op. at 2 (D.D.C. Nov. 30, 1978); *accord, Serbian Eastern Orthodox Diocese v. CIA*, Civ. No. 77–1412, slip op. at 2–3 (D.D.C. July 13, 1978). The Freedom of Information Act does not require that the agency from which documents are requested must release copies of those documents when another agency possessing the same material has already done so. Thus, the State Department is not required to release documents that appellant has already received from the FBI.

Once the records are produced the substance of the controversy disappears and becomes moot since the disclosure which the suit seeks has already been made. *Ackerly v. Ley*, 420 F.2d 1336, 1340 (D.C.Cir.1969) (footnote omitted).[1] *See also Misegades & Douglas v. Schuyler*, 456 F.2d 255 (4th Cir. 1972); *Kaye v. Burns*, 411 F.Supp. 897, 901 (S.D.N.Y.1976).

Additionally, the State Department regulations[2] provide for the automatic referral

---

* Sitting by designation pursuant to 28 U.S.C. § 294(c).

1. Once the records are produced "the lawsuit has lost its substance as . . . the only specific relief appellant seeks is compelled disclosure and that has been rendered moot by the disclosure . . . which has actually been made." *Ackerly v. Ley*, 420 F.2d 1336, 1340 (D.C.Cir.1969).

2. 22 C.F.R. § 6.5 (1979) provides, in pertinent part, that

(b) When a request for a Departmental record encompasses classified information originated by another department or agency, the request for that information shall be referred to the originator. The requester should be advised of the date and the addressee of the referral. Classified informa-

tion involving intelligence sources and methods is subject to the control of the Director, Central Intelligence Agency; FBI information (whether or not classified) is subject to the control of the FBI; "Restricted Data" is subject to the control of the Energy Research and Development Administration or the Nuclear Regulatory Commission, as the case may be; and National Security Council documents are subject to the control of the Council. The Bureau of Intelligence and Research shall be consulted on records which appear to be in the first category; the Office of Security shall be consulted on records which appear to be in the second category; and the Executive Secretariat of the Department shall be consulted on records which appear to be in the last category.

(c) Requests for documents of other departments or agencies in the files of the Department of State which are not records of

of requests for records to the agency that originated the record—the "originator." Consequently, the request to the Department is in effect a second request to the FBI, which has already provided appellant with the same documents he requests a second time.

Where the records have already been furnished, it is abusive and a dissipation of agency and court resources to make and process a second claim. The purpose of the Freedom of Information Act is to provide access to governmental materials, with limited exceptions. Here, the request was fully satisfied; the referral to the originating agency was necessary because of the sensitive nature of the materials involved and the familiarity of the originator with the records and their nuances.

Appellant claims attorneys' fees, which are available for parties who have "substantially prevailed" in their suits under the Freedom of Information Act. 5 U.S.C. § 522(a)(4)(E). Since appellant has not "prevailed" in this action he is not entitled to attorneys' fees.

We accordingly affirm the summary judgment granted by the District Court in favor of the appellee and denying appellant's motion for summary judgment and attorneys' fees. In doing so we also rely upon the Memorandum Order and Opinion of the District Court.

*Judgment accordingly.*

the Department (such as FBI reports) shall be referred to the appropriate department or agency whether or not classified. The re-

quester shall be advised of the date and the addressee of the referral.