**Richard S. BERRY, Plaintiff,**

**v.**

**DEPARTMENT OF JUSTICE, United States Parole Commission, United States Bureau of Prisons, Defendants.**

**No. Civ. 82–2041 PHX CAM.**

United States District Court,
D. Arizona.

May 9, 1985.

Michael E. St. George, Tempe, Ariz., for plaintiff.

Susan Ehrlich, Asst. U.S. Atty., Phoenix, Ariz., for defendants.

## ORDER

MUECKE, District Judge.

Having received and considered the Government's Motion to Dismiss, filed January 2, 1985; Plaintiff's Response, filed February 1, 1985; the Government's Reply, filed February 6, 1985; Plaintiff's Amended Motion for Certification of Class Action, filed January 16, 1985; the Government's Response, filed January 22, 1985; and Plaintiff's Reply, this Court finds and concludes as follows:

In 1981, Plaintiff Berry requested copies of his presentence report and Report on

Sentenced Offender from Defendants pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552 (1976). His request was denied administratively, on grounds that the documents requested were court records and thus exempt from disclosure under the FOIA; alternatively, the Government claimed that the documents could be withheld pursuant to one of the enumerated exemptions in the FOIA, 5 U.S.C. § 552(b)(3). *See* exhibits attached to Plaintiff's Complaint filed December 8, 1982. Plaintiff then filed this action.

On March 14, 1983, this Court granted the Government's motion to dismiss on grounds that the documents requested were court records rather than agency records. That decision was reversed in *Berry v. Department of Justice*, 733 F.2d 1343 (9th Cir.1984), in which the Ninth Circuit held that the court-generated documents requested by Plaintiff are agency records because they are in the possession of an agency and are "prepared substantially to be relied upon in agency decision-making." *Berry, supra,* 733 F.2d at 1349. In reaching this decision, the court noted that "[o]ne of the goals of the FOIA is to allow the public to determine how agencies reach decisions," *id.,* and observed that the Parole Commission and Reorganization Act, 18 U.S.C. § 4201 *et seq.,* now requires the Commission to consider available presentence reports in making parole determinations. The court thus held that presentence reports and the Report on Sentenced Offender are "agency records under the FOIA when they are in the possession of either the Federal Bureau of Prisons or the United States Parole Commission. On remand, the Department of Justice is free to assert any alternative FOIA exemptions that may preclude disclosure." *Berry, supra,* 733 F.2d at 1356.

The Government's pending motion to dismiss claims that both the Parole Commission and Reorganization Act, *supra,* and Rule 32, Federal Rules of Criminal Procedure, are "withholding statutes" for the purposes of the exemption to the FOIA set forth at 5 U.S.C. § 552(b)(3):

(b) This section does not apply to matters that are—

\* \* \* \* \* \*

(3) specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld.

This Court holds that the statutes cited by the Government would authorize an agency to withhold certain portions of the requested documents, but would not constitute a blanket exemption for presentence reports or, under most circumstances, permit the Government to routinely withhold the entire document.

*Waiver*

■ Plaintiff first argues that the Government has waived its right to assert the (b)(3) exemption or any other FOIA exemption by its failure to expressly plead such exemption(s) in its Answer. Plaintiff cites *Ryan v. Department of Justice,* 617 F.2d 781 (D.C.Cir.1980), and *Jordan v. Department of Justice,* 591 F.2d 753 (D.C.Cir. 1978), for his argument; these cases, however, stand for the proposition that the Government may not assert an exemption for the first time on appeal, without first having raised it in the district court. Neither case requires that the Government specifically identify the exemption(s) upon which it relies in its Answer.

In its initial challenge to Plaintiff's Complaint, the Government chose to argue that Plaintiff failed to state a claim under the FOIA, because the documents requested were court records and thus not subject to the FOIA. The Ninth Circuit's ruling on that challenge was the first of its kind in this circuit. The court expressly stated that, on remand, Defendants are "free to assert any alternative FOIA exemptions that may preclude disclosure." *Berry, supra,* 733 F.2d at 1356. Although the court did not explicitly invoke its discretion under 28 U.S.C. § 2106, it is apparent that the

Ninth Circuit did not intend to preclude the Government from now asserting particular exemptions, now that it has determined that Plaintiff has stated a claim under the FOIA.

*Parole Commission and Reorganization Act*

Not surprisingly, the Government argues that the Parole Commission and Reorganization Act, 18 U.S.C. § 4201 *et seq.* ("the Act"), is a withholding statute for the purposes of the (b)(3) exemption to the FOIA. Section 4207(3) of the Act requires the Parole Commission to consider available presentence reports in making parole determinations; and section 4208(b) requires the Commission to provide a prisoner awaiting a parole determination proceeding with "reasonable access" to such reports prior to the proceeding. Section 4208(c) authorizes the Commission to withhold only the following information:

(1) diagnostic opinions which, if made known to the eligible prisoner, could lead to a serious disruption of his institutional program;

(2) any document which reveals sources of information obtained upon a promise of confidentiality; or

(3) any other information which, if disclosed, might result in harm, physical or otherwise, to any person.

If any information is withheld by the Commission under the above-quoted provisions, the Commission must summarize the basic contents of the material withheld and furnish the summary to the prisoner.

The Government's (b)(3) argument stems from the Ninth Circuit's holding in *Berry, supra,* 733 F.2d at 1354, that "the Parole Commission and Reorganization Act is an express nondisclosure statute which affirmatively requires confidentiality to achieve stated goals," and that "it constitutes a withholding statute under exemption (3)." However, it is clear from the opinion that only "specific portions" of the presentence report (that is, the type of information which falls into the categories described in 18 U.S.C. § 4208(c)(1)–(3)) may be withheld pursuant to the Act and exemption (b)(3) of

the FOIA. The Ninth Circuit's opinion does not support the Government's broad argument that the entire presentence report may be withheld; the decision recognizes that only "certain information," "certain portions," and/or "potentially harmful parts" of the presentence report may be withheld, *Berry, supra,* 733 F.2d at 1354, and predicts that "the FOIA will probably entitle defendants to copies of that which they were shown at sentencing and no more." *Id.* at n. 17.

■ Thus, although the Government is correct in its argument that the Act is a withholding statute, it authorizes nondisclosure of only particular types of information; here, the Government has not identified any portions of Plaintiff's presentence report which fall into the categories set forth in 18 U.S.C. § 4208(c), and the Government's motion must be denied on this issue.

*Rule 32, Federal Rules of Criminal Procedure*

The version of Rule 32 in effect at the time Plaintiff was sentenced (which is set forth in *Berry, supra,* 733 F.2d at 1344 n. 1, and which is not substantially different from the Rule as presently formulated) required the sentencing court to allow the defendant and his counsel to read the presentence report prior to sentencing, "but not to the extent that in the opinion of the court the report contains diagnostic opinions which might seriously disrupt a program of rehabilitation, sources of information obtained upon a promise of confidentiality, or any other information which, if disclosed, might result in harm, physical or otherwise, to the defendant or other persons . . . ."

■ Plaintiff contends that a rule of criminal procedure is not a "statute" for the purposes of the (b)(3) exemption to the FOIA. This argument was rejected as to Federal Rule of Criminal Procedure 6(e) in *Fund for Constitutional Government v. National Archives and Records Service,* 656 F.2d 856 (D.C.Cir.1981), wherein it was

found that because Rule 6(e) had been "positively enacted" by Congress (as opposed to become effective through Congressional inaction), it is a "statute" under 5 U.S.C. § 552(b)(3). Similarly, the version of Rule 32 in effect at the time of Plaintiff's sentencing was proposed by the Supreme Court on April 22, 1974. Congress delayed the effective date of the proposed amendments on July 30, 1974. P.L. No. 93–361, 88 Stat. 397 (1974). Subsequently, Congress affirmatively enacted the version of Rule 32 in effect at the time of Plaintiff's sentencing on July 31, 1975. P.L. No. 94–64, 89 Stat. 370 (1975). Thus, Rule 32 is a "statute" for the purposes of the (b)(3) exemption, under *Fund for Constitutional Government, supra.*

■ The Government argues that Rule 32 meets the requirements of a withholding statute under the first prong of the (b)(3) exemption because it leaves no discretion to the agency to release the presentence report. This argument is unpersuasive because Rule 32 is wholly inapplicable to any agency; it guides the exercise of court discretion only. As for the second prong of the (b)(3) exemption, Rule 32 does establish "particular criteria for withholding" and "refers to particular types of matter to be withheld." But again, Rule 32 applies to courts and not to agencies.[1]

Furthermore, Rule 32 does *not* permit the court to refuse to disclose the presentence report to the defendant, if the court relies upon it in sentencing. On the contrary, the rule *requires* the court to provide the report to the defendant, "except with respect to certain materials as to which a factual summary must be given." *Carson v. U.S. Department of Justice*, 631 F.2d 1008, 1012 (D.C.Cir.1980). To the extent that the Government relies on Rule 32, the agency could withhold that which the court properly withheld; but again, no support is provided under Rule 32 for withholding the entire presentence report.

■ Based upon the foregoing, this Court holds that, while both the Parole Commission and Reorganization Act and Rule 32, Federal Rules of Criminal Procedure, provide a basis for the nondisclosure of some information possibly contained within a presentence report or a Report on Sentenced Offender pursuant to 5 U.S.C. § 552(b)(3), neither statute would allow an agency to withhold the entire document, unless the agency properly claimed that the entire contents of the specific document fell within the particular categories of information set forth in the Act or in Rule 32. Because the Government does not contend that any portions of Plaintiff's presentence report or Report on Sentenced Offender fall within those categories, its motion to dismiss must fail.

*Plaintiff's Motion for Class Certification*

■ Plaintiff seeks to form a class of all present and future federal inmates in the Ninth Circuit who become eligible for parole and who wish to seek copies of their presentence reports or Reports on Sentenced Offenders to prepare for parole hearings. Although Plaintiff makes an argument on each of the requirements necessary for the certification of a class action, this Court agrees with the Government that this action is not suitable for class certification. As discussed above, the Parole Commission has the statutory obligation and discretion to refuse to disclose the type of information described in 18 U.S.C. § 4208(b)(1)–(3); thus, some individual scrutiny must be given to each presentence report requested. Under these circumstances, Plaintiff's presentence report cannot possibly be "typical" of every other federal inmate's presentence report in the Ninth Circuit; questions of fact are simply not common to the proposed class.

Pursuant to the Ninth Circuit *Berry* opinion and this Order, Defendants may no longer claim that presentence reports are court records or that they are wholly exempt under 5 U.S.C. § 552(b)(3). The

---

**1.** The Parole Commission and Reorganization Act, of course, guides agency discretion in near-ly identical language once the agency obtains possession of the presentence report.

Government is surely aware of the sanctions which could result from the taking of a frivolous position; there is no reason to believe that the Government would ignore these mandates in the Ninth Circuit, and no class certification is possible or necessary.

Therefore,

IT IS ORDERED that the Government's Motion to Dismiss, filed January 2, 1985, is denied.

IT IS FURTHER ORDERED that Plaintiff's Amended Motion for Certification of Class Action, filed January 16, 1985, is denied.