Clifford L. STROUT, Plaintiff,

v.

U.S. PAROLE COMMISSION, Defendant.

No. 93–CV–72345–DT.

United States District Court,
E.D. Michigan, S.D.

Jan. 26, 1994.

Clifford L. Strout, in pro per.

Mary Rigdon, Asst. U.S. Atty., for defendant.

*OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, WITH MODIFICATION, AND DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE*

ROSEN, District Judge.

## I. INTRODUCTION

This federal prisoner's *pro se* Freedom of Information Act ("FOIA") Complaint is presently before the Court on the December 21, 1993 Report and Recommendation of United States Magistrate Judge Virginia M. Morgan recommending that the Court grant Defendant's Motion for Summary Judgment. Plaintiff Strout timely filed objections to the Magistrate Judge's Report and Recommendation.

Having reviewed the Magistrate Judge's Report and Recommendation, Plaintiff's Objections, and the Court's file of this action, the Court is now prepared to rule on this matter. For the reasons set forth below in this Opinion and Order, the Court will accept the Magistrate Judge's Report and Recommendation as herein modified, and will enter summary judgment in favor of the Defendant.

## II. DISCUSSION

■ Plaintiff Strout raises no objections as to the Magistrate Judge's recitation of the factual background of this case. He concedes at page 2 of his Objections that Magistrate Judge Morgan's Report and Recommendation "accurately and completely sets out the the relevant facts underlying Plaintiff's action" and "appropriately resolves the question of whether Plaintiff's Complaint was rendered moot."

However, Plaintiff does object to the Magistrate Judge's construction, interpretation and application of Section 552(a)(4)(A)(v) of the Freedom of Information Act, and the regulations of the Department of Justice implementing the Act, 28 C.F.R. § 16.1, *et seq.*[1]

Plaintiff contends that Magistrate Judge Morgan erred in concluding that compliance with the Department of Justice FOIA regulation 28 C.F.R. § 16.10 equates with compliance with FOIA's statutory provision regarding "advance payment" of fees in Section 552(a)(4)(A)(v).

At page 12 of the Report and Recommendation, the Magistrate Judge sets forth some, but not all, of the pertinent statutory and regulatory language:

5 U.S.C. § 552(a)(4)(A)(v) provides:

No agency may require advance payment of any fee unless the requester has previously failed to pay fees in a timely fashion, or the agency has determined that the fee will exceed $250.00.

The Magistrate Judge also focused on portions of subsection (e) of 28 C.F.R. § 16.10, as follows:

**(e)** *Notice of anticipated fees in excess of $25.00.* Where a component[2] determines or estimates that the fees to be assessed under this section may amount to more than $25.00, the component shall notify the requester as soon as practicable of the actual or estimated amount of the fees, unless the requester had indicated in advance his willingness to pay fees as high as those anticipated. (If only a portion of the fee can be estimated readily, the component shall advise the requester that the

---

**1.** Strout also objects to the Magistrate Judge's determination that the Parole Commission responded to Plaintiff's FOIA request in a timely manner and that the Commission's redaction of portions of some of the documents produced was in compliance with FOIA Exemption 6. The Court, however, agrees with the Magistrate Judge's determination regarding these two matters, and finds no merit in Plaintiff's objections regarding them. Therefore, the Court will AC-

CEPT, without modification, Magistrate Judge Morgan's Report and Recommendation with respect to the timeliness and redaction issues.

**2.** 28 C.F.R. § 16.1(a)(3) defines "component" as follows:

*Component* means each separate bureau, office, board, division, commission, service or administration of the Department of Justice.

estimated fee may be only a portion of the total fee.) In cases where a requester has been notified that actual or estimated fees may amount to more than $25.00, the request will be deemed not to have been received until the requester has agreed to pay the anticipated total fee....

Magistrate Judge Morgan concluded that the Parole Commission complied with the foregoing regulation, and, therefore, was in compliance with the statute, as well.

The Court agrees with the Magistrate Judge's ultimate conclusion that the Commission did not violate FOIA by its letter of February 18, 1993 advising Mr. Strout: "Your request for copies from your file has been processed. In accordance with departmental regulations, *you are required to pay all applicable fees before the requested records are released to you.*" However, the Court believes that, in order to make clear that the Magistrate Judge did not err in her no-FOIA-violation determination, some additional discussion of the Department of Justice FOIA implementation regulations is required.

First, the Court notes that 28 C.F.R. § 16.3(c) makes it clear that a requester's submission of a FOIA request to a Justice Department agency, in and of itself, implicitly constitutes the requester's agreement to pay all applicable fees. That regulation provides:

(c) *Agreement to pay fees.* The filing of a request under this subpart shall be deemed to constitute an agreement by the requester to pay all applicable fees charged under § 16.10 of this subpart, up to $25.... The component responsible for responding to the request shall confirm this agreement in its letter of acknowledgment to the requester....

Second, while Magistrate Judge Morgan focused on one subpart of 28 C.F.R. § 16.10, i.e., § 16.10(e) "Notice of anticipated fees in excess of $25.00," other subparts of § 16.10 not discussed by the Magistrate Judge make clear the correctness of her determination.

**3.** Subsection (b) of 28 C.F.R. § 16.10 sets forth the precise amounts to be charged by Department of Justice agencies for record searches, computer searches, duplication expenses, and

28 C.F.R. § 16.10(a) provides, in pertinent part, as follows:

### § 16.10 Fees.

(a) *In general.* Fees pursuant to 5 U.S.C. 552 shall be assessed according to the schedule contained in paragraph (b) of this section[3] for services rendered by components in responding to and processing requests for records under this subpart. All fees so assessed shall be charged to the requester.... *A component shall collect all applicable fees before making copies of requested records available to a requester.*

Of particular importance is subpart (g) of § 16.10, which defines what is, and is not, meant by the statutory term "advance payment":

(g) *Advance payments.* (1) Where a component estimates that a total fee to be assessed under this section is likely to exceed $250.00, it may require the requester to make an advance payment of an amount up to the entire estimated fee before beginning to process the request, except where it receives a satisfactory assurance of full payment from a requester with a history of prompt payment.

(2) Where a requester has previously failed to pay a records access fee within 30 days of the date of billing, a component may require the requester to pay the full amount owed plus any applicable interest (as provided for in paragraph (h) of this section), and to make an advance payment of the full amount of any estimated fee before the component begins to process a new request or continues to process a pending request from that requester.

(3) *For requests other than those described in paragraphs (g)(1) and (2) of this section, a component shall not require the requester to make an advance payment, i.e., a payment made before work is commenced or continued on a request. Payment owed for work al-*

document review fees (the latter fees being for purposes of determining whether any portion of records should be withheld pursuant to a FOIA exemption).

*ready completed is not an advance payment.*

28 C.F.R. § 16.10(g) (emphasis added).

As Plaintiff, himself, concedes, "Regulations properly fill a valuable intersticial [sic] function, filling in any statutory "gap left, implicitly or explicitly, by Congress. *Morton v. Ruiz,* 415 U.S. 199, 231 [94 S.Ct. 1055, 1072, 39 L.Ed.2d 270] (1974)." [Plaintiff's Objections, p. 10.] With respect to the FOIA statute, although a number of statutory terms are defined in Section 511 of the Act, the term "advance payment" is not defined anywhere in the statute. Thus, the definition in the Justice Department regulations properly fills that statutory "gap".

The statutory gap-filling "advance payment" definition in 28 C.F.R. § 16.10(g) makes clear that the Magistrate Judge properly determined that what Plaintiff was required to pay to the Parole Commission for the records he requested was "accrued processing fees", *not* an "advance payment." The Commission's February 18, 1993 letter to Mr. Strout makes clear that his request had already been "processed", thus, it was not requiring an "advance payment", but rather only payment of the charges for the processing and duplication of records already completed.

If Federal agencies were required to provide copies of records to FOIA requesters *before* receiving payment for them, the Government would effectively be bankrolling search and review, and duplicating expenses because there would never be any assurance whatsoever that payment would ever be made once the requesters had the documents in their hands. This Court does not believe that Congress ever envisioned incurring such expenses.

For all of the foregoing reasons, and for the further reasons set forth in the Magistrate Judge's December 21, 1993 Report and Recommendation, the Court will GRANT Defendant's Motion for Summary Judgment and will accordingly, DISMISS, Plaintiff's Complaint in its entirety.

### III. CONCLUSION

NOW, THEREFORE, for the reasons stated above in this Opinion and Order,

IT IS HEREBY ORDERED that the Magistrate Judge's Report and Recommendation of December 21, 1993 be, and hereby is, adopted by this Court as modified and supplemented by this Opinion and Order.

IT IS FURTHER ORDERED that, for the reasons set forth in the Magistrate Judge's Report and Recommendation, and for the further reasons set forth above in this Opinion and Order, Defendant's Motion for Summary Judgment be, and hereby is, GRANTED and Plaintiff's Complaint, therefore, is DISMISSED in its entirety with prejudice.

### REPORT AND RECOMMENDATION

MORGAN, United States Magistrate Judge.

This matter is before the court on defendant's motion to dismiss the plaintiff's complaint as moot, or in the alternative, under Fed.R.Civ.P. 12(b)(6) for failure to state a claim. The motion to dismiss was referred to the magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). On August 4, 1993, after defendant filed its motion to dismiss, plaintiff filed a motion to amend his complaint. This motion was referred to the magistrate judge for a hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). Defendant has responded and makes no objection to plaintiff's motion to amend. Plaintiff's motion to amend his complaint was granted in a separate order. Accordingly, plaintiff's amended complaint is treated as part of the record for the purposes of this Report.

Plaintiff is a federal prisoner incarcerated at the Federal Correctional Institution in Milan, Michigan. Plaintiff filed this action *pro se, in forma pauperis* alleging violation of the Freedom of Information Act, 5 U.S.C. § 552 *et seq.* Plaintiff asks for injunctive relief and costs.

For reasons stated in this Report, it is recommended that this action be dismissed on summary judgment in favor of defendant.

## FACTS

Plaintiff is in federal custody for murder in a National park. The 18-year old victim driver attempted to pass the plaintiff's van. Plaintiff and the victim engaged in an altercation. After the incident, plaintiff stalked the driver for one day and eventually confronted him in Acadia National Park, where plaintiff shot him. Plaintiff was sentenced, in the U.S. District Court for the District of Maine, to 30 years imprisonment on November 1, 1983, after pleading guilty to 2nd degree murder, a violation of 18 U.S.C. § 1111.

On September 29, 1992, plaintiff was granted a hearing before the parole commission. The hearing was designated as "original jurisdiction" because of the unusual amount of attention that this case had received. At the hearing, several members of the victim's family testified and expressed concerns about the plaintiff's potential release. The Commission ordered that plaintiff remain in custody until the expiration of his sentence.

Plaintiff appealed the Commission's decision to the National Appeals Board. The Board affirmed in April, 1993. While awaiting his appeal decision, plaintiff requested, in a letter dated December 5, 1992, copies of documents in his parole file pursuant to the Freedom of Information Act. Plaintiff wanted this information to make objections to denial of his parole hearing on appeal. Plaintiff's request included documents submitted by members of the community stating a strong desire that plaintiff serve his full sentence. Plaintiff also requested a tape of his September 29, 1992 parole hearing.

In a letter dated December 28, 1992, the legal technician for the regional office of the Parole Commission informed plaintiff that he had to include a notarized signature before his FOIA request could be fulfilled. Plaintiff supplied the Parole Commission with a notarized signature on January 11, 1993.

On January 14, 1993, the regional office advised plaintiff that his FOIA document request could not be fulfilled because his file was being reviewed by the National Commissioners.

Thereafter, on January 23, 1993, plaintiff complained by letter to the regional office that further delay in processing his request was unacceptable and that he immediately needed the documents in order to supplement his appeal. On February 18, 1993, the regional office informed plaintiff that 201 pages of documents and the requested tape of his parole hearing had been processed but would not be shipped until $10.75 payment was received. He was also advised further that duplication of documents, including petitions from individuals requesting the parole board to keep plaintiff incarcerated for the remainder of his sentence, would cost an additional $22.80 for 228 pages. Plaintiff paid the total fee of $33.55 on March 9, 1993. On June 9, 1993 the documents, including, the additional duplicated documents, and the hearing tape, were shipped to plaintiff. With the shipment of documents, the regional office advised plaintiff that acknowledgment letters and testimony of adverse witnesses at his parole hearing were either denied or redacted pursuant to exemption 6 of the Freedom of Information Act. 5 U.S.C. § 552(b)(6). The exempted material included:

a. Letters against release dated August 6, 1992, August 15, 1992, August 16, 1992, and August 26, 1992.

b. Recording of adverse witnesses' statements testimony against plaintiff at his parole hearing.

c. Portions of U.S. Probation Officer letter dated August 11, 1992.

d. Portions of 157 petition pages against parole release.

e. Portions of 82 letters against parole.

f. Portions of 71 letters of acknowledgement from the defendant.

The plaintiff now asks this court to enjoin defendants from withholding or redacting parole documents and further to enjoin defendant from requiring prepayment before documents are released. Plaintiff's amended complaint lists the additional relief he is requesting:

## Relief Requested

21. Plaintiff requests that this court enjoin defendant as follows:

a. This court should employ its equitable powers to enforce the provisions of the Freedom of Information Act to bar future violations of the Act and

ENJOIN Defendant from any further violations of 5 U.S.C. § 552(a)(6)(A) or (B) with respect to any person requesting records pursuant to the Freedom of Information Act; and further

ENJOIN Defendant from demanding from any person seeking records pursuant to the Freedom of Information Act any prepayment for documents sought by that person, except in accordance with 5 U.S.C. § 552(a)(4)(A)(v).

b. This Court, with respect to Plaintiff's matter, should ORDER Defendant to forthwith provide to Plaintiff all portions of documents and documents withheld from plaintiff.

22. Plaintiff requests that this Court assess against the Defendant all of the costs associated with this action, in accordance with 5 U.S.C. § 552(a)(4)(E).

23. Plaintiff requests that this Court issue a written finding that the circumstances surrounding the unwarranted withholding of records from Plaintiff for a period of three months after Plaintiff had complied fully with Defendant's unlawful prepayment demand raises questions whether agency personnel acted arbitrarily and capriciously with respect to said withholding, pursuant to 5 U.S.C. § 552(a)(4)(f).

■ Defendant contends that plaintiff's *pro se* complaint fails to state claims upon which relief can be granted. In reviewing the dismissal of a complaint under Fed. R.Civ.P. 12(b)(6), the court must construe the complaint liberally in plaintiff's favor and accept as true all factual allegations and permissible inferences therein. *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir.1976). Dismissals of complaints under the civil rights statutes are scrutinized with special care, *Brooks v. Seiter*, 779 F.2d 1177, 1180 (6th Cir.1985), and *pro se* complaints are held to "less stringent standards" than those drafted

by attorneys, *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972). However, it is not the role of the court to guess the nature of the claim(s) asserted. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). A rule 12(b)(6) motion should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

Plaintiff asks the court to treat Defendant's Motion to Dismiss the Complaint under 12(b)(6) as a motion for summary judgment. In response to plaintiff's request to amend his complaint, defendant states it reasserts its Motion to Dismiss, or in the alternative, "makes no objections to expanding the scope of its motion". (Defendant's Brief at 2 no. 4) The defendant has briefed the issues in its Motion to Dismiss and attached several exhibits. Additionally, pursuant to the courts request, defendant has supplemented its brief to encompass all the issues before the court; therefore, in the interest of judicial economy, the court will treat defendant's motion to dismiss as a request for summary judgment with respect to the amended complaint.

Summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure, which provides in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

■ In ruling on a motion for summary judgment, the Supreme Court's decision in *Celotex v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), provides guidance. The Court rejected a standard which required moving parties to support their motions for summary judgment with an affirmative evidentiary showing which tended to negate the essential elements of plaintiff's case. *Id.* 477 U.S. at 324, 106 S.Ct. at 2554. Instead the Court said, "the burden on the moving party may be discharged by 'show-

ing'—that is, pointing out to the district court—that there is an absence of evidence to support the non-moving party's case." *Id.* Of course, "inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587–588, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Once the moving party has made this showing, the burden passes to the non-moving party to go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. *Id.;* see also, *Roby v. Center Companies,* 679 F.Supp. 664 (E.D.Mich.1987).

The Freedom of Information Act (FOIA) is a legislative directive to federal agencies to make certain information available to the public. An agency must disclose agency records unless the they one of nine enumerated exceptions in § 552(b). *See U.S. v. Weber Aircraft,* 465 U.S. 792, 104 S.Ct. 1488, 1489–90, 79 L.Ed.2d 814 (1984). The United States Parole Board is an agency within the reach of the provisions of the Administrative Procedure Act 5 U.S.C. § 551 *et seq. See Pickus v. U.S. Board of Parole,* 165 U.S.App.D.C. 284, 507 F.2d 1107 (1974).

The FOIA requires that a presentence report be disclosed, except as to matters revealing confidential sources, diagnostic opinions, and possibly harmful information. *U.S. Department of Justice v. Julian,* 486 U.S. 1, 108 S.Ct. 1606, 100 L.Ed.2d 1 (1988). The exceptions to disclose were included because congress realized that "legitimate governmental and private interest could be harmed by release of certain types of information." *Id.* at 8, 108 S.Ct. at 1611, citing *FBI v. Abramson,* 456 U.S. 615, 621, 102 S.Ct. 2054, 2059, 72 L.Ed.2d 376 (1982). However, the exemption are generally to be construed narrowly. *Id.*

Defendant first argues that the action is moot because the plaintiff has received the documents as requested. The mootness doctrine encompasses the circumstances that destroy the justiciability of a suit previously suitable for determination. See, *Wright and Miller: Federal Practice & Procedure,* 533 (hereinafter *Wright* ). Discussion of the mootness doctrine focuses on the determination whether the available remedies retain sufficient utility to justify decision on the merits. Mootness principles rest on three doctrinal foundations: the "case or controversy" requirement of Article III, see, e.g., *Globe Newspaper v. Superior Court,* 457 U.S. 596, 102 S.Ct. 2613, 73 L.Ed.2d 248 (1982), *U.S. Parole Commission v. Geraghty,* 445 U.S. 388, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980), and the more flexible doctrines of remedy and judicial administration. See, *Wright* at 3533.1.

Mootness will be found, however, if the plaintiff is not likely to be affected by any repetition of the challenged conduct or if effective relief can be provided in the event of any recurrence. *Lucas Coal v. Interior Board of Mine Operation Appeals,* 522 F.2d 581, 586–587 (3rd Cir.1975). Some forms of governmental action have been found not to be moot when courts find them to be "capable of repetition, yet evading review." See, *Wright* at 3533.8.

This Circuit has applied the "capable of repetition" doctrine in class actions, e.g., *Troy v. Shell Oil Co.,* 519 F.2d 403 (6th Cir.1975) and in non-class actions, e.g., *Marshall v. OSHA,* 635 F.2d 544, 547–548 (6th Cir.1980). Although in *Troy, supra,* the court stated that the doctrine can only be applied in class actions, its subsequent decisions in *Marshall* and other cases seem to belie this. Whether to apply the doctrine in any particular case involves a close appraisal of the facts with a discretional determination of the need for a present decision. See, *Wright* at 3533.8.

Defendants rely on *Crooker v. Dept. of State,* 628 F.2d 9, 10 (D.C.Cir.1980), for the proposition that once a file is provided the FOIA action is moot. However, *Crooker* involves a situation where multiple agencies had already supplied the plaintiff with the requested documents *Id.* at 10. Further, plaintiff asks for relief in addition to copies of the documents. Plaintiff continues his incarceration and may apply for parole and repeat the same scenario. In any event, the issue is whether defendant violated the Freedom of

Information Act by the manner and means of disclosure which requires a discussion of the merits. *Payne Enterprises v. U.S.* 837 F.2d 486 (D.C.Cir.1988).

Accordingly, it is recommended that the court not dismiss plaintiff's action on the ground that it is moot.

The merits of the action involve plaintiff's allegation that the documents were not provided timely, that he should not have been required to make an advance payment, and that agency personnel acted arbitrarily and capriciously. More specifically, plaintiff's second count alleges that defendant violated 5 U.S.C. § 552(a)(3) by failing to make the records available "promptly." 5 U.S.C. § 552(a)(3) provides:

> ... each agency, upon any request for records which (A) reasonably describes such records and (B) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person.

Under 28 C.F.R. 2.56 plaintiff has a right to his parole files. 28 C.F.R. 2.56 provides:

> Disclosure of Parole Commission regional office file.
>
> (a) Procedure. Copies of a disclosable records pertaining to a prisoner or a parolee which are contained in the prisoner's regional office file may be obtained upon written request pursuant to this section. Such requests *shall* be answered *as soon as possible* in order of their receipt ... to the extent permissible under the Freedom of Information Act of 1974.

Plaintiff does not allege that his files have been withheld. Rather, plaintiff claims that his requested documents have been arbitrarily delayed and redacted preventing him from filing supplemented material for his appeal.

The record shows that plaintiff's first request for documents was on December 5, 1992. In turn, on December 28, 1992, defendant requested a notarized signature from plaintiff prior to releasing the documents.

Plaintiff complied. On January 14, 1993, defendant wrote plaintiff stating his request could not be processed because the records were before the defendant's National Commissioner for review. Plaintiff again promptly wrote back requesting compliance under FOIA. Subsequently, on February 24, 1993, defendant wrote plaintiff requesting payment before the documents would be released. In the meantime, in April of 1993, the National Commissioner's affirmed the parole board's decision denying plaintiff's parole. On June 9, 1993, 6 months after plaintiff's first request for his parole documents, but after his parole denial was affirmed, plaintiff received the requested documents to supplement his parole file. This was after the complaint was filed but before it was served on defendants.

Despite any delay in processing these documents, plaintiff did not need the requested documents to prosecute his appeal nor was he prejudiced by any delay. 28 C.F.R. § 2.56(g) provides that satisfaction of a FOIA request is not a prerequisite to an adequate parole hearing on appeal. If any information is newly found as a result of a FOIA response or from any other source, plaintiff may request a re-opening of his case. 28 C.F.R. § 2.28. Indeed, the purposes of FOIA are access by the public. The statute was not intended to serve as a method for obtaining documents to use in appeal of parole denials. Thus, plaintiff has failed to state a claim.[1]

Plaintiff further alleges that defendant is wrongly requiring prepayment for requested documents and asks for injunctive relief. Plaintiff wants the court to enjoin defendant from requiring prepayment before obtaining FOIA requested documents.

On February 18, 1993, defendant sent a letter to plaintiff stating: "Your request for copies from your file has been processed. In accordance with departmental regulations, you *are required to pay all applicable fees before the requested records are released to you.* The fee for this processing of your request is $10.75." This letter also drops a footnote:

---

1. Plaintiff also claims that defendant wrongly redacted some of the documents. However, it is clear that defendant is entitled to withhold certain information contained in personnel and medical files under Exemption 6. *Department of*

*Justice v. Reporters Committee for Freedom of Press,* 489 U.S. 749, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989); *Lynch v. United States Parole Com'n,* 768 F.2d 491 (1985); *Berry v. Dept. of Justice,* 612 F.Supp. 45 (D.C.Ariz.1985).

"Note: To receive copies of all the letters of acknowledgement contained in your parole file and copies of the excised petition pages contained in your file there would be an additional charge of $22.80."[2]

Plaintiff tendered payment for the full amount of $33.55 in order to receive the requested documents. Plaintiff contends that defendant wrongly required payment prior to shipment. Specifically, plaintiff's count 1 and count 3 contend defendant violated 5 U.S.C. § 552(a)(6), and 5 U.S.C. 552(a)(4)(A)(v) by requiring payment before release of documents. 5 U.S.C. § 552(a)(4)(A)(v) provides:

No agency may require advance payment of any fee unless the requester has previously failed to pay fees in a timely fashion, or the agency has determined that the fee will exceed $250.00.

However, the recent adoption of 28 C.F.R. 16.10 has further defined 5 U.S.C. § 552(a)(4)(A)(v) and allows defendant to withhold processed documents prior to payment. 28 C.F.R. 16.10 was adopted in July 1992 and provides as follows:

(a) ... All fees so assessed shall be charged to the requester ... A component shall collect all applicable fees before making copies of requested records available to a requester....

(e) Notice of anticipated fees in excess of $25.00. Where a component determines or estimates that the fees to be assessed under this section may amount to more than $25.00, the component shall notify the requester as soon as practicable of the actual or estimated amount of the fees, unless the requester has indicated in advance his willingness to pay fees as high as those anticipated. (If only a portion of the fee can be estimated readily, the component shall advise the requester that the estimated fee may be only a portion of the total fee.) In cases where a requester has been notified that actual or estimated fees may amount to more than $25.00, the request will be deemed not to have been received until the requester has agreed to pay the anticipated total fee. A notice to the requester pursuant to this paragraph shall offer him the opportunity to confer with Department Personnel in order to reformulate his request to meet his needs at a lower cost.

Defendant contends that it acted in compliance with these regulations and therefore plaintiff fails to state a claim. Defendant argues that its letter only "advises plaintiff of additional fees required if he wanted the other 228 pages" and is not a request for advance payment for copying costs or other charges. (Defendant's Brief at 6) Defendant contends that plaintiff confuses *advance payments* which need not be paid before processing documents pursuant to 5 U.S.C. § 552(a)(4)(A)(v) and *accrued processing fees* which must be paid after processing but before the release of the documents. (Defendant's Supplemented Brief at 7)

The court agrees and finds that defendant complied with the regulations. Here, Defendant merely advised plaintiff that $10.75 would be required to release his first request and that plaintiff would incur an additional cost of $22.80 in processing his second request.

In any event, there is no indication that the Parole Commission has repeatedly denied disclosable information which would require injunctive relief. *See Payne Enterprises, Inc. v. U.S.*, 837 F.2d 486 (D.C.Cir. 1988). Plaintiff has not been prejudiced by paying the $33.55. Plaintiff has received his requested documents and may petition the Parole Commission for a re-opening of his case if he believes the information is favorable to him. 28 C.F.R. § 2.28.

Accordingly, for the reasons stated in this report, it is recommended that summary judgment be granted to defendant and that this action be dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and

---

**2.** The issues are clouded as to whether the document request exceeds $25.00 and comes under section 16.10(e). This is because defendant breaks down the request into two parts: one which would cost plaintiff $10.75 and the other $22.50. Aggregating these two sums together defendant asked plaintiff if he wanted the additional documents. (Defendant's supplemented brief at 9).

E.D.Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *United States v. Walters,* 638 F.2d 947 (6th Cir.1981); *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.1991). Filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.1987); *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir.1991). Pursuant to E.D.Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.