943 F.Supp. 64 (1996)
Don L. TRUEBLOOD & Byron L. Taylor, Plaintiffs,
v.
UNITED STATES DEPARTMENT OF the TREASURY, INTERNAL REVENUE SERVICE, Defendant.
Civil Action No. 96-01151 (CRR).
United States District Court, District of Columbia.
October 30, 1996.
*65 Don L. Trueblood, pro se and in forma pauperis, and Byron L. Taylor, pro se and in forma pauperis.
Alan J.J. Swirski, Attorney, Tax Division, United States Department of Justice; along *66 with Eric Holder, United States Attorney, who appeared on the briefs, for Defendant.

MEMORANDUM OPINION
CHARLES R. RICHEY, District Judge.

INTRODUCTION
Before the Court in the above-captioned case are the plaintiffs' Motions for Summary Judgment and the defendant's Motion for Summary Judgment and Motion to Dismiss. Upon careful consideration of the parties' pleadings, the entire record herein, and the law applicable thereto, the Court shall grant the defendant's Motion for Summary Judgment and shall deny the plaintiffs' respective Motions for Summary Judgment.

BACKGROUND
This case concerns requests by the plaintiffs filed pursuant to the Freedom of Information and Privacy Act ("FOIA"), 5 U.S.C. §§ 552 and 552a, for records in the defendant IRS's possession and control.
The plaintiffs filed the present suit, seeking an order granting the plaintiffs immediate access to the records requested and costs and attorneys' fees. On July 19, 1996, the defendant filed its Motion for Partial Summary Judgment and Motion to Dismiss. Because the defendant relies on matters outside the pleadings, the motion shall be treated as one for summary judgment. See Fed. R.Civ.P. 12(b); 56(c). On July 31, 1996, the plaintiffs Trueblood and Taylor filed their respective Motions for Summary Judgment. The defendant responded on August 8, 1996, filing separate Oppositions to the plaintiffs' respective Motions for Summary Judgment.

A. The Plaintiff Trueblood's FOIA Request to the IRS.
The plaintiff Trueblood made a FOIA request for documents by letter dated November 2, 1995, and sent to the IRS office in New Orleans, Louisiana. The request, among other things, asked for 80 separate items listed in his Individual Master File associated with certain Document Locator Numbers. See Compl. ¶ 5 & Exh. I thereto.
The plaintiff received a letter dated November 21, 1995, from the defendant IRS requesting additional time to comply with the request or, alternatively, informing the plaintiff Trueblood that he could consider the letter a denial of his request and file an appeal. Compl. ¶ 6 & Exh. III thereto. The plaintiff filed an administrative appeal on December 1, 1995. Compl. ¶ 7 & Exh. IV thereto.
During the succeeding months, the IRS sent additional letters to the Plaintiff Trueblood requesting more time to comply with his FOIA request. Def's Mot. for Summ. Jud., Exhs. C-G. On March 21, 1996, the IRS sent the Plaintiff Trueblood two documents in response to his November 2, 1995 request. Decl. of Linda Renton, ¶ 28 & Exh. H thereto. The IRS informed the plaintiff Trueblood that it could not locate further documents at that time because the Department of Justice (which was involved in litigation with the plaintiff Trueblood) was in possession of the files the IRS needed to search in order to find additional documents. The IRS further advised the plaintiff Trueblood that some of the "documents" he had requested were actually "generated transactions" that had no "source documents" associated to them. As a result, there were no responsive documents for those items. Id.
During June 1996, and after the commencement of the present action, the Department of Justice returned to the IRS the files relating to the plaintiff Trueblood. Id. ¶¶ 31-37. The IRS reviewed these files, and all additional files responsive to his FOIA request were sent to the plaintiff Trueblood on July 19, 1996. Decl. of Thomas E. Carter, ¶¶ 7-8; Decl. of Alan Swirski, ¶¶ 2-3.

B. The Plaintiff Taylor's FOIA Request to the IRS
The plaintiff Taylor made a FOIA request for documents by letter dated November 6, 1995, and sent to the IRS office in New Orleans, Louisiana. The request asked for a copy of the Internal Revenue Manual (IRM) LEM 3(27)(68) 0 ADP Systems Codes and copies of certain "projects" referenced in the IMF Operations Manual, IRM 30(55)1.4. Compl.Exh. V. Upon receiving no response *67 to his request, plaintiff Taylor filed an administrative appeal on December 9, 1995. Id. Exh. VI.
In a letter dated February 23, 1996, the IRS requested additional time in order to respond to the FOIA request. Decl. of Symeria R. Rascoe, ¶ 7 & Exh. B thereto. In a letter dated April 8, 1996, the IRS informed the plaintiff Taylor that it had identified documents responsive to the first part of his FOIA request and that these documents would be forwarded to him upon receipt of $46.65 to cover the cost of review, search and/or copying. Id. at ¶ 7 & Exh. C thereto. The April 8th letter also informed the plaintiff Taylor that the IRS could not respond to the second part of his FOIA request involving certain "projects," because the "projects" at issue were not documents, but rather "activities" engaged in by the agency. The plaintiff Taylor concedes that there is no longer an issue regarding his request for "projects." Plaint. Taylor's Mot. for Summ. Jud. at 4.
The present complaint was received by the Court on April 2, 1996 and, after approval by the Court for filing in forma pauperis, was given a filing date of May 23, 1996. In their complaint, plaintiffs Trueblood and Taylor seek access to records they requested and seek attorneys' fees and costs.

DISCUSSION
Summary judgment is appropriate when no genuine issues of material fact are in dispute and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); Perry v. Block, 684 F.2d 121, 126 (D.C.Cir. 1982). Under the FOIA, federal jurisdiction is dependent upon a showing that the agency has improperly withheld agency records. Kissinger v. Reporters Comm. for Freedom of the Press, 445 U.S. 136, 139, 100 S.Ct. 960, 963, 63 L.Ed.2d 267 (1980); see 5 U.S.C. § 552(a)(4)(B) (district court "has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant"). Thus, unless the defendant is improperly withholding records, this Court has no authority to order their production. See Kissinger, 445 U.S. at 139, 100 S.Ct. at 963; Forsham v. Harris, 445 U.S. 169, 177, 100 S.Ct. 977, 982-83, 63 L.Ed.2d 293 (1980) (when an agency has not "withheld" records, federal courts have no authority to order their production.)
Furthermore, it is well established that under the FOIA, "once the records are produced the substance of the controversy disappears and becomes moot, since disclosure which the suit seeks has already been made." Crooker v. United States State Dep't, 628 F.2d 9, 10 (D.C.Cir.1980). Regardless of how long it took the defendant to comply with a plaintiff's FOIA request, the case or controversy evaporates when the documents are released. See Perry, 684 F.2d at 125 ("[H]owever fitful or delayed the release of information under the FOIA may be, once all requested records are surrendered, federal courts have no further statutory function to perform.").

I. THE COURT SHALL GRANT SUMMARY JUDGMENT IN FAVOR OF THE DEFENDANT WITH RESPECT TO PLAINTIFF TRUEBLOOD BECAUSE THERE ARE NO GENUINE ISSUES OF MATERIAL FACT IN DISPUTE AND THE DEFENDANT IS ENTITLED TO JUDGMENT AS A MATTER OF LAW.
The defendant, through affidavit testimony, has shown that it has released to plaintiff Trueblood all records responsive to his FOIA request and has withheld no records. See Decl. of Linda Renton, ¶ 38. The plaintiff Trueblood does not question the adequacy of the defendant's search, nor does he allege that additional documents are being withheld.
Instead, plaintiff Trueblood complains that the "documents were not identified by the Document Locator Numbers and Petitioner has no way of knowing which documents listed in his Privacy Act request he received and which ones he has not received." Plaint. Trueblood's Mot. for Summ. Jud. at 2. The plaintiff claims this is necessary to "reasonably understand what documents *68 he has received and is mandated by 5 U.S.C. 552a(d)(1), which requires at [sic] the records be released in a form that is comprehensible to the requester." Id. at 2.
The defendant points out that the Declaration of Thomas Carter (¶ 7) and the Declaration of Linda Renton (at ¶ 8) detail which of Mr. Trueblood's requests led to documents and which did not. The plaintiff did not request below that the defendant write on each document the DLN numbers associated with each document. Moreover, there is no statutory duty that the agency do so. Finally, the plaintiff has not shown that the defendant obliterated or altered in any way the documents produced to him in order to make them unreadable or incomprehensible. For these reasons, the Court shall conclude that the agency fulfilled its FOIA obligations and shall grant judgment in favor of the defendant and against plaintiff Trueblood.

II. THE COURT SHALL GRANT SUMMARY JUDGMENT IN FAVOR OF THE DEFENDANT WITH RESPECT TO PLAINTIFF TAYLOR BECAUSE THERE ARE NO GENUINE ISSUES OF MATERIAL FACT IN DISPUTE AND THE DEFENDANT IS ENTITLED TO JUDGMENT AS A MATTER OF LAW.
Exhaustion of a plaintiff's administrative remedies is a condition precedent to judicial review of a FOIA suit. See Stebbins v. Nationwide Mutual Ins., 757 F.2d 364, 366 (D.C.Cir.1985). A plaintiff's FOIA suit is subject to dismissal for lack of subject matter jurisdiction if he fails to exhaust all administrative remedies. See Dettmann v. United States Dep't of Justice, 802 F.2d 1472, 1477 (D.C.Cir.1986).
"Exhaustion [of administrative remedies] does not occur until the required fees are paid or an appeal is taken from the refusal to waive fees." Oglesby v. Dep't of Army, 920 F.2d 57, 66 (D.C.Cir.1990); see also Crooker v. United States Secret Service, 577 F.Supp. 1218, 1219 (D.D.C.1983) (absent a waiver of fee requirements, failure to comply with fee regulations constitutes a failure to exhaust administrative remedies under FOIA). Plaintiff Taylor has neither paid the review, search and/or copying fee of $46.65 that was requested in the defendant's April 8, 1996 letter, nor has he appealed a refusal by the agency to waive the fees.
The plaintiff argues that he has exhausted his remedies because he "filed suit" on April 2, 1996, the day his complaint was received by the Court, which was before the defendant's April 8, 1996 request for payment. The defendant argues that the plaintiff has not exhausted his remedies because its request for payment was dated April 8, 1996, and the plaintiff was not accorded a filing date by the Court until May 23, 1996, when his application to proceed in forma pauperis was approved by the Court.
Regardless of whether the plaintiff "filed" suit before or after receiving a request for payment, the plaintiff has an obligation to pay for the reasonable copying and search fees assessed by the defendant. See Pollack v. Department of Justice, 49 F.3d 115, 120 (4th Cir.), cert. denied, ___ U.S. ___, 116 S.Ct. 130, 133 L.Ed.2d 78 (1995) (payment of fees is a statutory requirement under the FOIA and filing of a FOIA suit does not relieve the requester of the obligation to pay). Moreover, the defendant has stated that it remains willing to send the documents to Mr. Taylor once he sends in the fee.
The plaintiff relies on 5 U.S.C. § 552(a)(4)(A)(v), which states that "No agency may require advance payment of any fee unless the requester has previously failed to pay fees in a timely fashion, or the agency has determined that the fee will exceed $250." However, this provision refers to the agency requiring advance payment before processing a request. Here, the agency already processed plaintiff Taylor's request and, it is clear, that the agency may require payment before sending the requested records. Strout v. United States Parole Comm'n, 842 F.Supp. 948, 950 (D.C.Mich. 1994) ("If Federal agencies were required to provide copies of records to FOIA requesters before receiving payment for them, the Government would effectively be bankrolling search and review and duplicating expenses because there would never be any assurance whatsoever that payment would ever be *69 made once the requesters had the documents in their hands. This Court does not believe that Congress ever envisioned incurring such expenses.") (cited with approval by Linn v. United States Dep't of Justice, Civ. Act. No. 92-1406, 1995 WL 417810 (D.D.C. June 6, 1995)).
Moreover, the plaintiff does not meet the statutory exception for a waiver of fees because he has failed to show why the requested information "is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government...." 5 U.S.C. § 552(a)(4)(A)(iii). In his Motion for Summary Judgment, the plaintiff Taylor claims that his request is in the public interest, but offers as evidence of this contention the fact that it will assist him in his efforts to understand codes in his Individual Master File. Plaint. Taylor's Mot. for Summ. Jud. at 3. The plaintiff Taylor has failed to show there is a public need for what he has requested.
The defendant has indicated its willingness to turn over the requested documents upon the plaintiff's filing of the requisite fee. The plaintiff being obligated to pay the fee, the agency has fulfilled its duties under the FOIA and summary judgment shall be entered in its favor.

III. THE PLAINTIFFS ARE NOT ENTITLED TO ATTORNEYS' FEES AND COSTS; THE PLAINTIFF TAYLOR IS NOT ENTITLED TO A FEE WAIVER.
The plaintiffs are not entitled to attorneys' fees because pro se litigants are not entitled to attorneys' fees under the FOIA. See Benavides v. Bureau of Prisons, 993 F.2d 257 (D.C.Cir.) cert. denied, 510 U.S. 996, 114 S.Ct. 559, 126 L.Ed.2d 460 (1993) (holding that pro se litigants are not entitled to attorney fees in FOIA cases). Furthermore, the plaintiffs are not entitled to costs, since they are proceeding in forma pauperis.

CONCLUSION
For the foregoing reasons, the Court shall grant the defendant's Motion for Summary Judgment and shall deny the plaintiffs' Motions for Summary Judgment and requests for attorneys' fees and costs. The Court shall issue an order of even date herewith consistent with the foregoing Memorandum Opinion.