**ISLAND FILM, S.A., Plaintiff,**

v.

**DEPARTMENT OF the TREASURY, Defendant.**

**Civil Action No. 08–286 (RWR).**

United States District Court, District of Columbia.

March 9, 2011.

Peter S. Herrick, Miami, FL, for Plaintiff.

Mercedeh Momeni, Raymond A. Martinez, U.S. Attorney's Office, Washington, DC, for Defendant.

### MEMORANDUM ORDER

RICHARD W. ROBERTS, District Judge.

Plaintiff Island Film, S.A. brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, challenging the Department of the Treasury's response to a request for records relating to the Office of Foreign Assets Control's decision to block Island Film from receiving $30,000 in Cuba. Island Film challenges withholdings and redactions that Treasury has made under various FOIA exemptions, and the parties have filed cross-motions for summary judgment. Treasury argues in part that it is entitled to fees from Island Film, and that Island Film has not exhausted its administrative remedies because it has failed to pay those fees.

The FOIA requires agencies to promulgate regulations that set a schedule for fees for "document search, duplication, and review, when records are requested for commercial use[.]" 5 U.S.C. § 552(a)(4)(A)(ii)(I). Treasury's regulations provide that commercial use requesters "are assessed charges which recover the full direct costs of searching for, reviewing, and duplicating the records sought[,]" and Treasury "may recover the cost of searching for and reviewing records even if there is ultimately no disclosure of records[.]" 31 C.F.R. § 1.7(a)(1). A commercial requester is not required to pay these charges if "disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii). Treasury's regulations provide that an appro-

priate Treasury official will determine whether to grant a fee reduction or waiver, but only if "the initial request includes a request for reduction or waiver of fees[.]" 31 C.F.R. § 1.7(b).

▮▮▮ Paying fees, receiving a waiver, or appealing a refusal to waive fees is necessary for a plaintiff to exhaust administrative remedies. *See Maydak v. U.S. Dep't of Justice*, 254 F.Supp.2d 23, 50 (D.D.C.2003). Exhaustion of administrative remedies is generally a prerequisite to judicial review of an agency response to a FOIA request. *Wilbur v. CIA*, 355 F.3d 675, 677 (D.C.Cir.2004) (noting that exhaustion of a FOIA request is a jurisprudential doctrine, not jurisdictional). "[W]hether the plaintiff 'filed' suit before or after receiving a request for payment, the plaintiff has an obligation to pay for the reasonable copying and search fees assessed by the defendant." *Trueblood v. U.S. Dep't of Treasury, IRS*, 943 F.Supp. 64, 68 (D.D.C.1996).

▮▮▮ Here, Treasury determined that Island Film is a commercial requester, and

Treasury calculated under its regulations that Island Film owed $1,267.02 in fees to cover the costs of searching and reviewing records, and for duplicating the documents that Treasury disclosed. (Def.'s Mem. of P. & A. in Supp. of Def.'s Mot. for Summ. J. ("Def.'s Mem."), Canter Decl. ¶¶ 12, 36–37.) Island Film has not paid those fees, nor has it sought a fee waiver. (*Id.* ¶ 40.) Island Film justifies its nonpayment on the ground that "[s]ince [Treasury] has withheld 85 pages and extensively redacted other document[s, the] question is what would the plaintiff be paying for." (Pl.'s Opp'n to Def.'s Mot. for Summ. J. and Pl.'s Cross–Mot. for Summ. J. at 6.) Island Film states that it "will await the Court's decision on this issue." (*Id.*)

That Treasury withheld and redacted responsive documents under various FOIA Exemptions has no bearing on Island Film's obligation to pay fees as a commercial requester. *See* 31 C.F.R. § 1.7(a)(1). Because it has not paid, committed to paying, or sought a waiver of the $1,267.02 in fees, Island Film has not exhausted its administrative remedies.[1] *See Antonelli v.*

1. Indeed, an agency may "require advance payment of any fee ... that ... exceed[s] $250[,]" 5 U.S.C. § 552(a)(4)(A)(v), in which case a plaintiff will not be deemed to have exhausted its administrative remedies until it pays that fee. *See Trueblood*, 943 F.Supp. at 68. One purpose of conditioning a plaintiff's exhaustion of administrative remedies on advance payment of the fee in such a situation is to prevent the agency from " 'bankrolling search and review[,] and duplicating expenses' " when " 'there would never be any assurance whatsoever that payment would ever be made once the requesters had the documents in their hands.' " *Id.* (quoting *Strout v. U.S. Parole Comm'n*, 842 F.Supp. 948, 951 (E.D.Mich.1994)).

However, it would be similarly unfair if an agency—without first providing to the plaintiff a cost estimate—could conduct an expensive search while requiring the plaintiff to pay the ultimate cost no matter how expensive the search proved to be. That an agency must

estimate the costs of a search and that a plaintiff must pay, commit to pay, or seek a waiver of the search fee prior to the agency undertaking the search, *see Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 66 (D.C.Cir.1990), ensures that an agency does not force a plaintiff to pay fees it does not wish to incur and provides the parties an opportunity to negotiate a mutually agreeable scope for any search. Without acknowledging these concerns, Treasury, citing *Trueblood*, 943 F.Supp. at 68, requests that Island Film be ordered to pay the fees Treasury incurred by conducting the search before Island Film paid or committed to paying those fees. (*See* Def.'s Mem. at 35.) *Trueblood*, however, does not provide authority for ordering a plaintiff to pay fees incurred by an agency that has conducted a search and produced documents to the plaintiff before the plaintiff paid or committed to paying the requisite fees. Rather, *Trueblood* held that an agency merely was not obligated to turn over requested documents until the plaintiff paid

*Bureau of Alcohol, Tobacco, Firearms & Explosives,* Civil Action No. 04–1180(CKK), 2005 WL 3276222, at *8 (finding that plaintiff failed to exhaust his administrative remedies under the FOIA where he justified his refusal to pay the assessed search fee on the ground that the price was "extravagant"). Therefore, Island Film is not entitled at this time to judicial review of its claims that Treasury improperly withheld and redacted records under various FOIA exemptions. However, because Island Film's opposition states that it may be willing to pay the assessed fees, dismissing Island Film's complaint would be premature before providing Island Film an opportunity to pay or commit to paying the fees. Accordingly, it is hereby

ORDERED that the parties' cross motions [11, 12] for summary judgment be, and hereby are, DENIED without prejudice. It is further

ORDERED that the parties file by April 8, 2011 a proposed order and joint status report stating whether Island Film has paid or committed to paying the assessed fees. If appropriate, by that deadline the parties may move to reinstate their cross-motions for summary judgment or propose a schedule by which the case should proceed.

the fee. 943 F.Supp. at 69. Because Treasury has already turned over the requested documents, *Trueblood* is inapposite here, and

Treasury's request to order the plaintiff to pay the fees will be denied.