Sydney P. FREEDBERG, et al., Plaintiffs,

v.

**DEPARTMENT OF THE NAVY,** Defendant.

Civ. A. No. 82–2126.

United States District Court, District of Columbia.

Dec. 22, 1982.

George R. Clark, Washington, D.C., Richard E. Rassel, James E. Stewart, Detroit, Mich., for plaintiffs.

Robert E.L. Eaton, Jr., Asst. U.S. Atty., Washington, D.C., for defendant.

## MEMORANDUM

GESELL, District Judge.

This Freedom of Information Act (FOIA) matter is before the Court on cross-motions

for summary judgment. After considering the parties' motions, the oppositions thereto, and the entire record herein, and finding no material fact in dispute, the Court grants defendant's motion for summary judgment in full and denies plaintiffs' motion.

Plaintiffs seek documents relating to the murder of Melton H. Coleman while he was stationed on board the USS FORRESTAL in July of 1979, particularly the medical and personnel records of Coleman; a Naval Investigative Service (NIS) report of investigation into the murder; and a Judge Advocate General (JAG Manual) investigative report.

The Navy states that it has released all the medical and personnel files in its possession to plaintiffs. It has withheld the NIS and JAG Manual investigations pursuant to exemption 7(A) of FOIA, exempting from disclosure "investigatory records compiled for law enforcement purposes" to the extent that production of such records would "interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A).

Plaintiffs challenge defendant's actions on three grounds. First, plaintiffs claim that production of the NIS and JAG Manual investigations will not interfere with law enforcement proceedings because large portions of the NIS and JAG Manual investigations are already in the public record of the courts-martial that led to conviction of two of Coleman's murderers. Plaintiffs argue further that examination of that public record makes "readily determinable" the identities of the other two suspects whose names the Navy seeks to protect pending the ongoing investigation of their involvement.

Plaintiffs' speculations as to the identity of the suspects are of no moment. Insofar as documents sought are readily available in the public record, it is "abusive and a dissipation of agency and court resources" to make and process a claim for their disclosure. *Crooker v. United States State Department*, 628 F.2d 9 (D.C.Cir. 1980). Once such documents are open for inspection by the general public, there is no longer any matter in controversy before the Court under FOIA. *Misegades & Douglas v. Schuyler*, 456 F.2d 255 (4th Cir.1972). Disclosure on that basis must be denied.

Plaintiffs next argue that the Navy has failed to meet its burden of showing that disclosure of the material in the NIS or JAG Manual investigation files would interfere with enforcement proceedings because the defendant's affidavits describing the material are vague and conclusory. The Court finds to the contrary. The Navy has met its burden. Under exemption 7(A) federal courts may accept generic determinations that disclosure of particular types of records generally would interfere with enforcement proceedings. *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 234–35, 98 S.Ct. 2311, 2323, 57 L.Ed.2d 159 (1978). The government need only show that the documents at issue are investigatory records being compiled for law enforcement purposes, which plaintiffs do not dispute, and that disclosure of the type of record requested would interfere with pending enforcement proceedings. *Campbell v. Department of Health and Human Services*, 682 F.2d 256, 263 (D.C. Cir.1982). Defendants have made that showing.

Finally, plaintiffs allege that the defendant has, in fact, failed to disclose all of Coleman's medical and personnel files in its possession. Plaintiffs base their claim on the fact that a similar request made by Coleman's parents turned up documents which plaintiffs have not also received.

The affidavit of Lieutenant Commander Robert J. Schultz of the National Personnel Records Center, who responded to plaintiffs' FOIA request, states flatly that plaintiffs have had forwarded to them all the information contained in Coleman's file in Naval Personnel Records, and that no information has been withheld. Plaintiffs claim they do not doubt Schultz' veracity but remain troubled by the discrepancy. To its supplemental memorandum filed December 10, 1982, the defendant has at-

tached the affidavit of Captain J.F. Mahaffey, who reviewed the discrepancies and who presents reasonable explanations for them. In particular, most of the additional documents supplied to Coleman's parents were subsequently excised from Coleman's service record in accordance with standard Naval procedures. The Court finds that the defendant has met its burden of showing that all the documents sought which were in its possession have been produced.