Gary TRIESTMAN, Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE, DRUG ENFORCEMENT ADMINISTRATION, Defendant.

No. 94 Civ. 5108 (JGK).

United States District Court, S.D. New York.

March 5, 1995.

Gary Triestman, pro se.

Mary Jo White, U.S. Atty., Beth E. Goldman, Asst. U.S. Atty., S.D. of N.Y., New York City, for defendant.

### OPINION & ORDER

KOELTL, District Judge.

Each party has moved the Court for an order granting summary judgment. The complaint seeks information about several Drug Enforcement Administration ("DEA") agents pursuant to the Freedom of Information Act ("FOIA"). Prior to commencement of this action, the plaintiff, Gary Triestman, sought this information by administrative means, beginning in November, 1993. He seeks to know which, if any, of thirteen DEA agents have been "investigated in any capacity for alleged perjurious statements or mishandling of evidence, or the supplying of false evidence or testimony; and ... the particulars and outcome of those investigations." [1] Triestman seeks the information for use in a collateral attack on his conviction. Apparently, his position is that he pleaded guilty to a crime for which he is presently incarcerated, because, among other reasons, DEA agents fabricated evidence.

1. Triestman made this request in a letter dated November 1, 1993 to the Department of Justice and in two letters dated December 23, 1993 to the DEA.

2. In *Beck v. U.S. Dep't. of Justice*, 997 F.2d 1489 (D.C.Cir.1993), the Court of Appeals for the District of Columbia Circuit upheld the government's refusal to disclose whether any documents existed that were responsive to a request for documents constituting credible evidence that

On May 25, 1994, the Office of Information and Privacy ("OIP") issued a final denial of Triestman's FOIA request, after his appeal of an initial, undated denial by the DEA. Both denials refused either to acknowledge or to deny the existence of any documents responsive to the request.[2] The OIP based its decision on 5 U.S.C. § 552(b)(7)(C), which provides an exemption from disclosure for "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ... could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7). It is undisputed that Triestman's FOIA request is a request for records or information compiled for law enforcement purposes. The OIP explained that Exemption 7(C) justifies a refusal to respond to the request, because "Lacking an individual's consent, proof of death, official acknowledgement of an investigation, or an overriding public interest, even to acknowledge the existence of such law enforcement records could reasonably be expected to constitute an unwarranted invasion of personal privacy." Letter from Richard L. Huff, Co–Director OIP, to Gary Triestman, May 25, 1994 (upholding DEA's refusal to release information on appeal from the DEA decision).

■ Government employees have a privacy interest in not having their names disclosed in connection with investigations in which they are or were under scrutiny. *See, e.g., Hunt v. FBI*, 972 F.2d 286, 288 (9th Cir.1992). They also have privacy interests in their employment histories and performance evaluations and a strong privacy interest in not being wrongfully associated with criminal activity. *Stern v. FBI*, 737 F.2d 84, 91–92 (D.C.Cir.1984). However, exemption (b)(7)(C) applies only if a disclosure could

two DEA agents had previously engaged in wrongdoing. The court explained that, "A government employee has at least some privacy interest in his own employment records, an interest that extends to 'not having it known whether those records contain or do not contain' information on wrongdoing, whether that information is favorable or not." *Beck*, 997 F.2d at 1494 (citation omitted).

reasonably be expected to lead to an unwarranted invasion of privacy. The question of whether a reasonably expected invasion is warranted is to be resolved by determining whether the invasion of privacy is justified by weightier public interests in disclosure. *See Massey v. FBI*, 3 F.3d 620, 624 (2d Cir.1993) ("The exemption applies only if the invasion of privacy that would result from release of the information outweighs the public interest in disclosure") (citations omitted). No public interest outweighs the privacy interests of the DEA agents in this case. Here, the only interest significantly served by disclosure is the personal interest of the plaintiff, who seeks information for use in a collateral challenge to his conviction.

In *Brown v. FBI*, 658 F.2d 71 (2d Cir.1981), the Court of Appeals held that under FOIA Exemption 6, which also requires an evaluation of the public interest in disclosure,[3] "[I]t must be remembered that it is the interest of the general public, and not that of the private litigant, that must be considered." *Id.* at 75 (citation omitted). The Court found that no such public interest is necessarily involved when a person requesting information seeks the information for the purpose of collaterally attacking a criminal conviction:[4]

> Plaintiff states in his brief that he is pursuing this litigation hoping to obtain evidence sufficient to mount a collateral attack on his kidnapping conviction. That this is plaintiff's primary purpose will not necessarily prevent disclosure if there is a coincidental public purpose sufficient to overcome Ms. Shepardson's privacy interest. The court, however, cannot allow the plaintiff's personal interest to enter into the weighing or balancing process. "The FOIA is not intended to be an administra-

tive discovery statute for the benefit of private parties." *Columbia Packing Co. v. U.S. Dept. of Agriculture,* 417 F.Supp. 651, 655 (D.Mass.1976).

*Brown,* 658 F.2d at 75.

In *Massey*, the Court of Appeals for the Second Circuit held that the FBI had properly withheld information containing agents' names, under exemption (b)(7)(C), because no substantial public interest would have been served by disclosure. In making this determination, the court considered not only the purpose for which Massey sought the information, but also whether the information was probative of the agency's conduct. The court held that the information did not "reveal any significant information concerning the conduct and administration of FBI investigations" or the "agency's own conduct" and that the fact that Massey might be able to use the information in his efforts to overturn his criminal conviction did not give rise to a public interest. *Massey*, 3 F.3d at 625; *see also, U.S. Dep't. of Defense v. FLRA,* —— U.S. ——, 114 S.Ct. at 1012 ("[T]he only relevant 'public interest in disclosure' to be weighed in this balance [under the FOIA privacy exemptions] is the extent to which disclosure would serve the 'core purpose of the FOIA,' which is 'contribut[ing] significantly to public understanding of the operations or activities of the government' ") (citation omitted). Triestman has offered no evidence suggesting that either the DEA itself or the agents he has inquired about have engaged in wrongdoing in either his case or in others. This fact supports the conclusion that no substantial public interest would be served by disclosure. *See Hunt,* 972 F.2d at 288–90 (holding that there is not a strong public interest in "one isolated investigation,

---

3. Exemption 6 also requires a balancing of privacy interests against public interests in disclosure. It protects from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of person privacy." 5 U.S.C. § 552(b)(6). Exemption 7(C) is more protective of privacy interests than Exemption 6. *See U.S. Dep't. of Justice v. Reporters Comm. For Freedom of the Press,* 489 U.S. 749, 756, 109 S.Ct. 1468, 1473, 103 L.Ed.2d 774 (1989) ("[T]he standard for evaluating a threatened invasion of privacy interests resulting from the disclosure of records compiled for law

enforcement purposes is somewhat broader than the standard applicable to personnel, medical, and similar files").

4. The purpose for which a FOIA request is made does not determine whether an invasion of privacy is warranted. *See U.S. Dep't. of Defense v. FLRA,* —— U.S. ——, ——, 114 S.Ct. 1006, 1013, 127 L.Ed.2d 325 (1994). However, the interests to be served by that purpose may be probative of whether disclosure would serve a public interest.

no longer of any interest to anyone other than the party who instigated it," because "[t]he single file sought by Hunt will not shed any light on whether all such FBI investigations are comprehensive or whether sexual misconduct by agents is common.... The public interest in ensuring the integrity and the reliability of government investigation procedures is greater where there is some evidence of wrongdoing on the part of the government official") (citation omitted); *Rojem v. U.S. Dep't. of Justice,* 775 F.Supp. 6 (D.D.C.1991) (upholding non-disclosure of FBI information under exemption 7(C), because the information shed no light on the agency's performance of its statutory duties, there was no evidence of wrongdoing, and the fact that the plaintiff sought the information to challenge a conviction for which he received a death sentence was not, under the circumstances, sufficient to create the requisite public interest in disclosure).

In response to the OIP denial of his appeal and to the government's motion for summary judgment, Triestman argues that he now seeks only information responsive to his request that has previously been made public. Recognizing the privacy interests that would be implicated by the disclosure of non-public investigative reports, Triestman explains that his FOIA request should be construed as seeking "any information that was made public about the listed agents in question; i.e., in any proceeding, publication or press release, public statement issuances, legal or administrative case opened, that was available to any generally interested party or concerned citizen of the public." Pl.'s Mem. in Supp. of Mot. for Summ.J. at 2. Triestman alleges that the disclosure of such information cannot reasonably be expected to constitute an unwarranted invasion of personal privacy.

 This was not the scope of Triestman's original request which plainly infringed on personal privacy and which now appears to have· been abandoned. Nevertheless, there are additional reasons why the plaintiff's newly narrowed request for public documents under FOIA should be denied. First, to require an agency to collect and produce information that has already been made public would not further the general

purpose of FOIA, which is to satisfy ·the citizens' right to know "what their government is up to." *See U.S. Dep't. of Justice v. Reporters Comm. for Freedom of the Press,* 489 U.S. 749, 773, 109 S.Ct. 1468, 1481, 103 L.Ed.2d 774 (1989) ("This basic policy of " "full agency disclosure unless information is exempted under clearly delineated statutory language," ' *U.S. Dep't. of Air Force v. Rose,* 425 U.S. [352], at 360–361, 96 S.Ct. [1592], at 1599 [48 L.Ed.2d 11] [(1976)] (quoting S.Rep. No. 813, 89th Cong., 1st Sess., 3 (1965), indeed focuses on the citizens' right to· be informed about 'what their government is up to' ").

In *Freedberg v. U.S. Dep't. of the Navy,* 581 F.Supp. 3 (D.D.C.1982), the court held that any information that was contained in the public record of a court-martial need not be produced under FOIA by the Department of the Navy:

> Insofar as documents sought are readily available in the public record, it is "abusive and a dissipation of agency and court resources" to make and process a claim for their disclosure. *Crooker v. United States State Department,* 628 F.2d 9 (D.C.Cir. 1980). Once such documents are open for inspection by the general public, there is no longer any matter in controversy before the Court under FOIA. *Misegades & Douglas v. Schuyler,* 456 F.2d 255 (4th Cir.1972). Disclosure on that basis must be denied.

*Freedberg,* 581 F.Supp. at 4. FOIA's purpose is to provide the general public with information as to the workings of its government: "The statute was designed ' "to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." ' " *U.S. Dep't. of State v. Ray,* 502 U.S. 164, 173, 112 S.Ct. 541, 547, 116 L.Ed.2d 526 (1991). FOIA does not obligate an agency to serve as a research service for persons seeking information that is readily available to the public.

 In some cases, there may be a question as to what form of prior disclosure is sufficient to make information readily available to the public. In *Freedberg* and in the cases the court relied on, *Crooker* and *Misegades,* the information sought by the plain-

tiffs was readily available to them. In this case, the plaintiff's own characterization of the information that he seeks demonstrates that he seeks only information that is well within any definition of "public availability." The plaintiff describes the type of information that he seeks as "any information that was made public about the listed agents in question; i.e., in any proceeding, publication or press release, public statement issuances, legal or administrative case opened, that was available to any generally interested party or concerned citizen of the public." Pl.'s Mem. in Supp. of Mot. for Summ.J. at 2. Information that is available to any generally interested party or concerned citizen is information that is sufficiently available to relieve an agency of any duty to produce it under FOIA.

■■■ Even if FOIA required agencies to search for, collect, and produce publicly available information, summary judgment for the government would still be appropriate in this case, because the government has provided sufficient proof that it has in fact searched for such documents and that there are no publicly available agency documents relating to investigations of the DEA agents[5] for allegedly making perjurious statements, mishandling evidence, or supplying false evidence or testimony. In a case in which the plaintiff seeks disclosure under FOIA, government affidavits attesting to the thoroughness of an agency search of its records and its results are presumptively valid. In *Carney v. U.S. Dep't. of Justice*, 19 F.3d 807 (2d Cir.1994), the Court of Appeals for the Second Circuit held that on a motion by the government for summary judgment, if the government's affidavits are adequate on their face to merit judgment in the government's favor, summary judgment should be denied and the plaintiff permitted discovery only if the plaintiff makes a showing of bad faith sufficient to impugn the affidavits. *Carney,* 19 F.3d at 812. Such a showing must be based on more than mere speculation. *Id.* at 813. In *Carney,* the court of appeals upheld the district court's grant of summary judgment for the Department of Justice, finding that:

> [T]he declarations are reasonably detailed and reveal that each of the DOJ subdivisions undertook a diligent search for documents responsive to Carney's requests. With respect to the withheld documents, the declarants describe the documents or classes of documents withheld and explain why they fall within an applicable exemption....

> An affidavit from an agency employee responsible for supervising a FOIA search is all that is needed to satisfy Rule 56(e); there is no need for the agency to supply affidavits from each individual who participated in the actual search. *See Maynard [v. Central Intelligence Agency],* 986 F.2d [547] at 560 [ (1st Cir.1993) ]; *SafeCard [Services, Inc. v. Securities and Exchange Commission],* 926 F.2d [1197] at 1201 [ (D.C.Cir.1991) ]. The DOJ's submissions thus were proper.

*Carney,* 19 F.3d at 813–14; *see also, Doherty v. U.S. Dep't. of Justice,* 775 F.2d 49, 53 (2nd Cir.1985) (holding that, "The Government's affidavits, under the circumstances of this case, provide an adequate factual basis to support its claims of exemption and thus, the District Court did not err in granting summary judgment without undertaking an *in camera* review of the documents").

■■ In this case, the Government has submitted a declaration by a DEA Paralegal Specialist, under the penalties of perjury, which declares that the DEA has checked its records and found that none of the individuals about whom the plaintiff requests information has been convicted of any wrongdoing, publicly disciplined or publicly investigated for any misconduct. In the circum-

---

5. The government has also shown that there are no publicly available responsive documents with respect to DEA agent Donald Abrahms. In his memoranda of law in support of his motion for summary judgment, Triestman requested that agent Abrahms be added to his FOIA request. The complaint does not mention agent Abrahms and there is no evidence that Triestman has exhausted administrative procedures with respect to him. The request for records relating to Abrahms must be denied for that reason. In addition, the request must be denied because the plaintiff seeks the same public documents which are not producible under FOIA and because the government has demonstrated a good faith and futile search for such documents.

stances of this case, this is sufficient evidence that the public documents sought by the plaintiff do not exist.

In an effort to claim any victory, the plaintiff does not contest the adequacy of the government's representation. Rather, the plaintiff has cross moved for a declaratory judgment in his favor contending that the government has "effectively conceded to Plaintiff's complaint and provided him with the FOIA materials he has requested and that he is entitled to by law." The government conceded to no such position and represents that it has not provided him with any materials. The plaintiff is not entitled to a declaratory judgment. The government contended—correctly—that the plaintiff was not entitled to disclosure of the records he sought, either private or public, and when he limited his request to public records it argued—correctly again—that he was not entitled to such records under FOIA, but that in any event they did not exist.

For the foregoing reasons, the Court grants the defendant's motion for summary judgment. In this case, no substantial public interest in disclosure exists to be weighed under FOIA Exemption 7(C) against the privacy interests of the individual DEA agents. To the extent the plaintiff's FOIA request seeks information that is publicly available and arguably does not implicate the privacy interests of the agents, summary judgment for the defendant is appropriate, because there is no duty under FOIA to compile such information and, in addition, because the defendant has offered sufficient proof that no such information exists. The plaintiff's request for a declaratory judgment is denied.

**SO ORDERED.**