Clarissa JONES–EDWARDS, Plaintiff,

v.

APPEAL BOARD OF THE NATION-
AL SECURITY AGENCY CENTRAL
SECURITY AGENCY, Defendant.

No. 03 CIV. 9990(CM).

United States District Court,
S.D. New York.

Jan. 6, 2005.

Clarissa Jones–Edwards, Mt. Vernon, NY, pro se.

## DECISION AND ORDER DISMISSING COMPLAINT

MCMAHON, District Judge.

Plaintiff filed the instant lawsuit, pro se, on December 17, 2003, challenging the disposition of a request she made to defendant National Security Agency ("NSA") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

Her Complaint stated in full:

I, Clarissa Jones–Edwards, am the plaintiff in the above entitled case, against the National Security Agency/Central Security Agency Appeal Board. (This is in regard to Freedom of Information case # 42279:)

I hereby request an immediate response, to my appeal request, dated April 15, 2003 to the National Security Agency/Central Security Agency.

An immediate resolution is necessary in order to address issues surrounding the theft of my identity.

Threats to my and [sic] well as my familys' [sic] social status and economic status is evident due to "whistle blower retaliation" by the public/private sector.

This Complaint was dismissed by Chief Judge Mukasey for plaintiff's failure to exhaust her administrative remedies prior to seeking relief in the district court. *See* Order of Dismissal, dated December 17, 2003.

Plaintiff subsequently moved for reconsideration on the basis that she had exhausted her administrative remedies, and had received an adverse determination on her appeal from NSA after she had filed her complaint in the district court. (*See* Motion for Reconsideration, dated January 15, 2004, and attached letter from NSA to C. Jones–Edwards, dated August 8, 2003, denying her appeal and indicating she could appeal to a United States District Court). Plaintiff's motion was granted, and her case was eventually assigned to me. *See* Notice of Reassignment dated August 26, 2004.

The defendant has moved for summary judgment. Plaintiff has not responded to this motion, despite being advised in clear terms that she must do so, and that she must respond with evidence tending to show that the defendant is not entitled to prevail. (*See* "Notice to Pro Se Litigant Opposing Motion for Summary Judgment," submitted with Def. Mem. of Law in Support of Motion for Summary Judgment, dated Dec. 9, 2004 (including a thorough explanation of Rule 56, the steps needed to oppose a motion for summary judgment, and an explicit warning that failure to respond could result in a dismissal of the case)).[1]

---

1. Defendant's brief includes a Certificate of Service signed by Mara E. Trager and dated December 9, 2004, stating that a copies of the "Notice to Pro Se Litigant Opposing Summary Judgment, the Declaration of Louis F. Giles, ... and all exhibits attached thereto, the Memorandum of Law in Support of Defendant's Motion for Summary Judgment, and Defendant's Statement of Undisputed Material Facts Pursuant to Local Civil Rule 56.1" were served upon the plaintiff by Federal Express, delivery charges pre-paid, at 139 South 10th Ave., Mount Vernon, New York, 10550, plaintiff's stated permanent address.

## Discussion

### I. 28 U.S.C. § 1915(e)(2)

■ While plaintiff has not responded to defendant's motion as such, she filed an amended complaint, which renders transparent the frivolousness of this lawsuit. She alleges in substance that her FOIA request should have caused NSA to probe intelligence communications within an integrated circuit of domestic and international networks. *See* facsimile from C. Jones–Edwards to Hon. C. McMahon dated Dec. 22, 2004.

Had the initial complaint included this allegation, either Judge Mukasey or I would have dismissed it under 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous on its face. When the NSA receives a FOIA request, all it has to do is search the files of NSA—not conduct a world-wide intelligence gathering operation. 5 U.S.C. § 552(a)(3); *see also Garcia v. United States Dep't of Justice*, 181 F.Supp.2d 356, 366 (S.D.N.Y.2002) (noting that once an agency demonstrates that it has conducted a "reasonable search for relevant documents," the agency "has fulfilled its obligations under FOIA and is entitled to summary judgment on this issue"); *Weisberg v. United States Dep't of Justice*, 745 F.2d 1476, 1485 (D.C.Cir.1984) (stating that the "issue to be resolved is not whether there might exist any other documents possibly responsive to the request, but rather whether the *search* for documents was *adequate* ") (emphasis in original).

Plaintiff's response to the defendant's motion for summary judgment, however denominated, indicates that she believes—wrongly—that the law requires the NSA to suspend its important national security activities in order to conduct a fishing expedition to see whether, somewhere in the government or the international intelligence community, there is some paperwork relating to the theft of her identity.

For the reasons stated above, plaintiff's belief is simply wrong.

Since the complaint is frivolous on its face, I am dismissing it under 28 U.S.C. § 1915(e)(2)(B)(i).

### II. Summary Judgment

■ . In the alternative, plaintiff has also failed to allege any fact that would sustain the complaint in the face of defendant's motion for summary judgment. Plaintiff's belief (which she obviously harbors) that the NSA did not make a reasonable search—because if it had it would have found something—is not enough to withstand this motion for summary judgment. Therefore, defendant's motion is granted.

Generally, a party is entitled to summary judgment when there is no "genuine issue of material fact," and the undisputed facts warrant judgment for the moving party as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In addressing a motion for summary judgment, "the court must view the evidence in the light most favorable to the party against whom summary judgment is sought and must draw all reasonable inferences in [its] favor." *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

A nonmoving party must produce evidence in the record and "may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible." *Ying Jing Gan v. City of New York*, 996 F.2d 522, 532 (2d Cir.1993). In short, a nonmoving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Summary judgment is the procedural vehicle by which most FOIA actions are resolved. *See, e.g., Miscavige v. IRS,* 2 F.3d 366, 369 (11th Cir.1993) ("Generally, FOIA cases should be handled on motions for summary judgment, once the documents in issue are properly identified."). To prevail on a summary judgment motion, "the defending agency has the burden of showing that its search was adequate and that any withheld documents fall within an exemption to [FOIA]." *Carney v. United States Dep't of Justice,* 19 F.3d 807, 812 (2d Cir.1994). "Affidavits or declarations supplying facts indicating that the agency has conducted a thorough search ... are sufficient to sustain the agency's burden." *Id.* (footnote omitted); *see also Halpern v. FBI,* 181 F.3d 279, 291 (2d Cir.1999) (discussing "*Vaughn* standard" (referring to *Vaughn v. Rosen,* 484 F.2d 820 (D.C.Cir.1973))).

As noted above, if the defendant agency demonstrates that it has conducted a "reasonable search for relevant documents," the agency "has fulfilled its obligations under FOIA and is entitled to summary judgment on this issue." *Garcia,* 181 F.Supp.2d at 366. In order to fulfill the adequate searching requirement, the government should recite "facts which enable the District Court to satisfy itself that all appropriate files have been searched." *Church of Scientology v. IRS,* 792 F.2d 146, 151 (D.C.Cir.1986), *aff'd,* 484 U.S. 9, 108 S.Ct. 271, 98 L.Ed.2d 228 (1987). The agency's "search for responsive documents need not, and indeed could not be perfect." *Garcia,* 181 F.Supp.2d at 368 (internal citation omitted). Accordingly, a search may be "reasonable and adequate even if 'it fails to produce all relevant material.'" *Id.* (internal citation omitted). In sum, "[t]he agency is not expected to take extraordinary measures to find the requested records, but only to conduct a search reasonably designed to identify and locate responsive documents."

*Garcia,* 181 F.Supp.2d at 368. Once the agency has satisfied this burden, the plaintiff must show bad faith on the agency's part in order to defeat summary judgment. *See Carney,* 19 F.3d at 812; *Triestman v. U.S. Dep't of Justice,* 878 F.Supp. 667, 672 (S.D.N.Y.1995) (when agency's affidavits are adequate on their face, summary judgment should be granted unless plaintiff makes a showing of bad faith sufficient to impugn the agency's affidavits).

In support of its motion for summary judgment, defendant included as exhibits plaintiff's FOIA request, NSA's initial letter that no responsive documents were located, plaintiff's request for an appeal, and NSA Appeal Board's reiteration that, despite a reasonable search, no responsive documents were found. According to these exhibits, plaintiff initially filed her FOIA request with the NSA over the internet on November 15, 2002, requesting: "All documents forwarded to National Security Agency... All documents forward[ed] to General Accounting Office ... Securities and Exchange [sic] ... Federal Trade Commission... Department of Justice... Regarding identity theft..." (Email from *"Webteam@nsa.gov"* to *"Foianet@nsa.gov,"* regarding "jones-edwards, clarissa-FOIA Request (Web form submission)," dated November 15, 2002, Exh. 1 to Def.'s Mot. for Sum. J.) On February 21, 2003, Louis F. Giles, Director of Policy for NSA, sent plaintiff a letter indicating that, "A thorough search of our files was conducted, but no records responsive to your request were located." (Def.Exh. 2.) The letter also indicated that plaintiff could appeal this "adverse" determination, which she did by way of a letter addressed to Kathleen E. Wannisky, United States General Accounting Office, Office of Special Investigations, dated April 15, 2003. (Def.Exh. 3.) This appeal was denied. (Def. Exh. 4, Letter from William B. Black, Jr., Freedom of Information

Act/Privacy Act Appeals Authority, NSA, to C. Jones–Edwards, dated August 8, 2003.)

Since the government in this case has recited facts indicating it made a reasonable search responsive to plaintiff's FOIA request, but that no documents were found, *Garcia,* 181 F.Supp.2d at 366, and since plaintiff has submitted no evidence other than what has been noted above, summary judgment must be granted to the government. Plaintiff was given many opportunities throughout the approximately 13 months that her case was pending to produce evidence that would suggest NSA did not handle her request properly, but no such evidence was produced. In addition, the time for her to respond to the instant motion has long since expired.

### Conclusion

While a pro se plaintiff is afforded a close and sympathetic reading of the complaint, *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam), plaintiff has failed to adduce any evidence—in the complaint or otherwise—to suggest that NSA failed to conduct a reasonable search for responsive documents.

Accordingly, the complaint is dismissed as frivolous under 28 U.S.C. § 1915(e). In the alternative, the government's motion for summary judgment is granted.

The Clerk of the Court is instructed to enter judgment for defendant and close the file.

This constitutes the decision and order of the court.