**Joseph V. NASH, Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE and Federal Bureau of Prisons, Defendants.**

**Civil Action No. 95–924 SSH.**

United States District Court,
District of Columbia.

March 3, 1997.

Lauren D. Frank, Ablondi, Foster, Sobin & Davidow, Washington, DC, for Plaintiff.

Shannon V. Lane, U.S. Dept. of Justice, Office of Information & Privacy, Washington, DC, for Defendants.

## MEMORANDUM ORDER

STANLEY S. HARRIS, District Judge.

It would be difficult to imagine a case that has been gotten into a less acceptable posture than this FOIA action which has been brought on behalf of plaintiff, who apparently is an accountant convicted of offenses that are unknown to this Court.

Plaintiff, appearing prior to the initiation of this suit to have represented himself, engaged in a protracted dispute over 16 pages of materials, the significance of which is unelucidated by the correspondence and pleadings. When he ultimately was dissatisfied with what was produced in response to his FOIA request, a complaint was filed in this Court. It was signed by Frederick David Foster, a member of the bar of this Court, and it also bore the name "Eric Mendelsohn, P.A.," of North Palm Beach, Florida. No time was wasted in non-compliance with the Rules of this Court: Rule 106(e) provides in part: "The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party." There was no residence address for the plaintiff, rather, only Mr. Mendelsohn's Florida business address was given.[1]

Thereafter, on July 14, 1995, a Joint Statement of the Parties Pursuant to Rule 206(d) was filed. *Inter alia*, the Court was advised

that a possibility of settlement existed, that no discovery was needed, and that the case could be disposed of on summary judgment. A briefing schedule was agreed on. That schedule was formalized by an Order of the Court dated July 19, 1995.

A joint motion for enlargement of time was filed on August 17, 1995; that was accepted by the Court by Order dated August 22, 1995.

Next, because so much of the requested information had been released and settlement appeared likely, on September 15, 1995, a Joint Motion To Suspend Briefing Schedule was filed. By Order dated September 19, 1995, that motion was granted.

Then began an almost bizarre series of submissions which have led to the issuance of this Memorandum Order. This Court's Rule 106(a) is quite clear:

All papers relating to a pending action shall be filed with the Clerk unless otherwise directed by the court.

Similarly clear is our Rule 106(b):

Except as requested by a judge, correspondence shall not be directed by the parties or their attorneys to a judge, nor shall papers be left with or mailed to a judge for filing.

On one occasion, Florida attorney Mendelsohn sent a pleading to chambers, rather than to the Clerk, for filing. As a courtesy, a law clerk of the undersigned would have caused the document to be filed, but could not because the document also violated this Court's Rule 104(c), which provides:

An attorney who is a member in good standing of the bar of any United States Court or of the highest court of any State, but who is not a member of the bar of this Court, may file papers in this Court only if such attorney joins of record a member in good standing of the bar of this Court. All paper submitted by members of the bar of this Court must be signed by such counsel and by a member of the bar of this court joined in compliance with this rule.

---

1. That deficiency should have precluded acceptance of the complaint for filing. *See* Local Rule

106(i).

Similarly, by letter dated December 10, 1996, Florida attorney Mendelsohn also violated the three quoted rules. Putting aside those violations, in his December 10 letter to the undersigned, Mr. Mendelsohn wrote in part:

This office was under the impression that we had reached a settlement with the Department of Justice regarding disclosure of documents and payment of attorneys [sic] fees. Unfortunately, as it came time to finalize the settlement, the Justice Department refused to certify that they had released all relevant documents and proposed a settlement concerning attorneys [sic] fees which can only be described as "derogatory".

Accordingly, please consider notification [sic] that negotiations have terminated and that this matter should be set for Final Summary Judgment hearing. Please instruct the Justice Department to submit their brief in support of their position and we will respond as necessary in a briefing schedule yet to be decided.

The undersigned, in retrospect too courteous by far, simply directed that that letter be filed (which took time; although dated December 10, the letter was mailed from North Palm Beach, Florida, and was not received in chambers until December 16; largely as a result of the Court's Christmas recess, it was not filed until January 10, 1997).

In the meantime, back on June 20, 1995, Lauren D. Frank had entered her appearance on behalf of plaintiff; her name—rather than that of Frederick David Foster, who had signed the original complaint—appeared with that of Florida attorney Mendelsohn on subsequent pleadings. The confusion generated by Mendelsohn's contravention of the Court's rules became aggravated. By Order dated December 17, 1996, in response to Mendelsohn's December 10 letter, the Court set a new briefing schedule. That Order, however, was not received by defendants' counsel.[2] Apparently somewhat baffled by

Florida attorney Mendelsohn's December 10 letter, defendants' counsel on January 9, 1997, filed a report to the court in which she suggested a status conference "to discuss the most efficient resolution of this case." On January 29, 1997, Ms. Frank withdrew her appearance (with no explanation given), apparently leaving Frederick David Foster as sole local counsel for plaintiff.

On February 21, 1997, plaintiff filed a response to defendants' report to the Court. It deals in part with contacts made on behalf of plaintiff with the Executive Office for United States Attorneys, which appear to have no relevance to what is at issue here. On February 24, 1997, Defendants' Motion for Enlargement of Time was filed. It says, in part, that nothing is being withheld in response to plaintiff's request except "the social security numbers of third parties."

All courts have crowded dockets, and judges rely to a great degree on the professionalism and good faith of counsel to work towards an appropriate disposition of a case. It was not until the undersigned analyzed the entire file in detail that he became fully aware of Florida attorney Mendelsohn's multiple violations of this Court's Rules, of the present unacceptable impasse between opposing counsel as to how the case now should proceed, and of the likelihood that attorney's fees represent the sole remaining problem in this dispute.[3] Accordingly, to place this case on a track which will permit its resolution, it hereby is

ORDERED, that the December 17, 1996, scheduling Order is vacated. It hereby further is

ORDERED, that by March 17, 1997, defendants shall submit an affidavit setting forth what they understand plaintiff to have requested, what has been provided, what has been withheld, and why. A brief statement by defendants' counsel as to what remains at issue is invited. It hereby further is

ORDERED, that by March 27, 1997, plaintiff shall file with the Clerk of the Court any

---

2. Such an occurrence unfortunately does happen, albeit infrequently. Undelivered mail has caused the undersigned to adopt a policy of faxing, as well as mailing, scheduling orders to counsel.

3. The true reason for the underlying FOIA dispute remains obscure, at least to the undersigned.

opposition he may have to defendants' submission, and shall show cause why the case should not be dismissed as moot and/or for noncompliance with Rule 11 of the Federal Rules of Civil Procedure.[4] It hereby further is

ORDERED, that a reply pleading, if any, shall be filed by defendants by April 7, 1997.

SO ORDERED.

James B. Krasnoo, Andover, MA, for David Jesionowski.

John F. Farraher, Grady and Dwyer, Boston, MA, David C. Jenkins, Dwyer & Jenkins, Boston, MA, for William J. Beck, Denis J. Pierce, Thomas J. Burke.

Robert J. O'Sullivan, Office of the City Attorney, Lawrence, MA, for City of Lawrence.

---

4. Local counsel Foster's role appears to have been limited to signing some pleadings prepared by Florida attorney Mendelsohn. Prior to signing the pleading hereby directed to be filed on behalf of plaintiff, the Court expects Mr. Foster to review Rule 11(b) of the Federal Rules of Civil Procedure, and his signature on the pleading will be interpreted to mean that he considers it to be in full compliance with Rule 11. (Of course, Rule 11 is fully applicable to the original complaint, which was signed by Mr. Foster.)