Terry DAVIS, Plaintiff,

v.

**FEDERAL BUREAU OF INVESTIGATION, et al. Defendants.**

No. 00–2490 (RJL).

United States District Court, District of Columbia.

Aug. 12, 2004.

Terry Davis, Niagara Falls, NY, Pro se.

Brian J. Sonfield, William Rakestraw Cowden, United States Attorney's Office, Sonia M. Orfield, U.S. Department of Health and Human Services, Washington, DC, for Defendants.

### *MEMORANDUM OPINION AND ORDER*

LEON, District Judge.

Pending before the Court are the defendants' motion for summary judgment and the plaintiff's motion for judgment. On May 29, 2001, the defendants, Federal Bureau of Investigation ("FBI") and the Executive Office for United States Attorneys ("EOUSA"), moved for summary judgment in this case arising under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, on the grounds that all non-exempt responsive documents requested had been released to the plaintiff, Terry Davis. On May 5, 2003, after the FBI had located and released additional responsive documents, the plaintiff filed a motion for judgment, indicating that the agency still had not produced documents that were responsive to his requests and specifically describing the documents he sought. As the FBI subsequently produced additional responsive documents to meet the plaintiff's re-

quests, the Court has reason to believe that these motions are now moot. For the following reasons, the Court will order the plaintiff to show cause why this action should not be dismissed.

### Factual Background

This case arises out of several FOIA requests sent by the plaintiff, Terry Davis ("Davis"), to the FBI, EOUSA, and other federal agencies for information regarding three criminal actions brought in the Western District of New York, *United States v. Terry Davis* (91cr246–001–C), *United States v. Terry Davis* (92cr157–001–E), and *United States v. Tyrone Stewart* (92cr017–001–S). Compl. ¶ 5. Davis was the named defendant in two of these cases. Davis' first FOIA request was sent to the FBI headquarters on June 16, 1999. *Id.* On January 24, 2000, the FBI responded to Davis' request, indicating that it had located 318 pages of responsive documents and was releasing 278 of the 318 pages. *Id.* at ¶ 8. The remaining forty pages were withheld under several exemptions. *Id.,* Ex. 3.

On February 22, 2000, Davis mailed a follow-up request to the FBI headquarters for additional documents regarding the three criminal cases. Compl. ¶ 9. In letters dated February 27, 2000 and March 15, 2000, Davis appealed the FBI's response to his initial request and the delay in responding to his second request. Compl. ¶ 11; Def. Stat. of Mat. Facts ¶¶ A.11, 12. In letters dated March 22, 2000 and March 30, 2000, the FBI notified Davis that his administrative appeals had been received and assigned numbers 00–1965 and 00–2123. Compl., Ex. 6, 7. In an April 4, 2000 letter, the FBI reiterated that forty pages had been exempted from disclosure under FOIA and the Privacy Act and that Davis could appeal this decision directly to the U.S. Department of Justice, Office of Information and Privacy ("OIP"). *Id.,* Ex. 8.

In two letters dated May 29, 2000 sent to the FBI office in Buffalo, New York, and the National Archives Records Administration, Davis made a third FOIA request, seeking "chain of custody" records and laboratory reports regarding the three criminal cases that were the subject of the earlier two requests. Compl. ¶ 14. In another May 29, 2000 letter sent to OIP, Davis again appealed the FBI's response to his first two requests and also repeated his request for "chain of custody" records and laboratory reports. *Id.* Davis' request was subsequently forwarded to the Drug Enforcement Administration ("DEA"). Def. Stat. of Mat. Facts ¶ C.2. During June and July 2000, Davis was advised through several letters from OIP that his appeals were still within the office's backlog. Compl., Ex. 12, 14–B, 16. Davis filed the current action on October 17, 2000. On April 17, 2001, the FBI produced an additional 131 pages of responsive documents to Davis when it filed the declaration of Christine Kiefer, FBI Attorney. Decl. of Christine Kiefer 9.

As previously noted, on May 29, 2001, the FBI and EOUSA moved for summary judgment on the grounds that the agencies to which Davis' requests had been directed had already produced any non-exempt responsive documents. On May 20, 2003, Davis moved for a judgment on the government's motion and asserted that there were still responsive documents the agencies had not produced. On June 12, 2003, the FBI filed a supplemental affidavit in support of its motion for summary judgment, indicating that it had located and produced twenty pages of what appeared to be the "chain of custody" documents sought by Davis. Def. Suppl. 1. In its supplement, the FBI stated that it "makes sense for Plaintiff to review the additional materials released by the FBI in order to determine whether he still wishes to pursue this litigation, or whether he is satis-

fied with the materials he has received." *Id.* at 2. Davis has not responded to this supplement.

### Discussion

 "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack,* 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969). In a FOIA action, "a federal court is authorized only to 'enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld ...'" *Perry v. Block,* 684 F.2d 121, 125 (D.C.Cir.1982). Thus, "[o]nce the records are produced the substance of the controversy disappears and becomes moot since the disclosure which the suit seeks has already been made." *Id.* (citing *Crooker v. U.S. State Department,* 628 F.2d 9, 10 (D.C.Cir. 1980)).

In this case, the Court has reason to believe that Davis may be satisfied that the documents he requested have been produced. The FBI supplemented its response with the "chain of custody" documents and also indicated that it sought confirmation from Davis as to whether the litigation should proceed with regard to his requests. There has been no response from Davis since the filing of the FBI's supplement in June 2003. Accordingly, the Court will order Davis to show cause why this action should not be dismissed as moot. *See e.g., Nash v. U.S. Department of Justice,* 955 F.Supp. 146, 148 (D.D.C. 1997); *Pollack v. U.S. Bureau of Prisons,* 1991 WL 171711, at *1 (D.D.C., Aug. 19, 1991).

### ORDER

For the reasons set forth above, it is this 12th day of August, 2004, hereby

**ORDERED** that the plaintiff shall, within 30 days of this order, show cause why the Court should not dismiss the above-captioned action as moot; and it is further

**ORDERED** that failure to respond to this order shall result in dismissal of this action.