Charles NEUMAN, Plaintiff,

v.

UNITED STATES of America, et al., Defendants.

Civil Action No. 13–cv–0719 (KBJ)

United States District Court, District of Columbia.

Signed 06/03/2015

Opinion.

Charles Neuman, Forrest City, AR, pro se.

Wyneva Johnson, U.S. Attorney's Office for the District of Columbia, Washington, DC, for Defendant.

## ORDER

KETANJI BROWN JACKSON, United States District Judge

In May of 2013, pro se Plaintiff Charles Neuman filed this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2012), alleging that Defendants the United States, the U.S. Department of Justice, and U.S. Immigration and Customs Enforcement improperly withheld information that was responsive to Plaintiff's FOIA request. This Court previously issued a written opinion regarding this matter, *see Neuman v. United States*, 70 F.Supp.3d 416, (D.D.C. 2014), and in that opinion, the Court required Defendants to submit the redacted documents for in camera review and provide a more detailed *Vaughn* index that would permit the Court to rule on the withholdings that Defendants had made under FOIA Exemption 7(C). In the period that followed this Court's decision, Defendants produced additional documents to Plaintiff, including redacted documents referencing Justin Nichols—documents revealing information that Defendants previously had withheld under FOIA Exemption 7(C), and that Plaintiff previously had made clear were the only records remaining in dispute.

In light of this production, the Court issued an order requiring Plaintiff to show cause as to why this case should not be dismissed due to Defendants' apparent satisfaction of Plaintiff's document request. Plaintiff has now responded (*see* Pl.'s Resp. to the Court's Order to Show Cause ("Pl.'s Resp."), ECF No. 40); his notice asserts, in essence, that Defendants' representation that they have now disclosed all references to Nichols in the responsive documents is a "lie[ ]" (Pl.'s Resp. at 2). As evidence, Plaintiff points to two redacted versions of Report of Investigation number 72 ("ROI 72")—a document from the Defendants' criminal investigation into Plaintiff that purports to detail the debriefing of Nichols—and argues that the redactions contained in these two versions (which are different in each of the two copies of the document) conceal information related to Nichols that Defendants have failed to release. (*Id.*) In response to this, Defendants reiterate that they have now released ROI 72 "with no redactions regarding Justin Nichols[,]" and they steadfastly maintain that "Plaintiff's contrary assertion is mistaken." (*See* Defs.' Resp. to Pl.'s Resp., ECF No. 41, at 2.)

This Court has reviewed the parties' notices and briefs, as well as the relevant

documents—in both their redacted and unredacted forms—and the Court agrees with Defendants. It appears that the information regarding Nichols in the previously redacted report has now been released in its entirety, which is evident when the two versions of ROI 72 are read together. Moreover, Defendants' affidavit attesting to the fact that all information related to Nichols has now been released (*see* Supplemental Decl. of Fernando Pineiro in Resp. to the Court's Order to Show Cause, ECF No. 34–2), is entitled to a presumption of good faith, *see SafeCard Servs., Inc. v. S.E.C.*, 926 F.2d 1197, 1200 (D.C. Cir. 1991), and Plaintiff has not provided any additional evidence or allegations of fact that would undermine the truthfulness of Defendants' representations, *see Smith v. FBI*, 448 F.Supp.2d 216, 221 (D.D.C. 2006) (holding that a conclusory assertion that the defendant is lying is insufficient to rebut an agency affidavit). Thus, there is no remaining dispute in this case. *See Brustein & Manasevit, PLLC v. U.S. Dep't of Educ.*, 30 F.Supp.3d 1, 5 (D.D.C. 2013) ("In FOIA cases, '[o]nce the records are produced the substance of the controversy disappears and becomes moot since the disclosure which the suit seeks has already been made.'" (quoting *Crooker v. U.S. State Dep't*, 628 F.2d 9, 10 (D.C. Cir. 1980))).

Accordingly, it is hereby

**ORDERED** that Plaintiff's duty to respond to the Court's order to show cause is **DISCHARGED**, and this case is **DISMISSED** in light of Defendants' release of information responsive to Plaintiffs' FOIA request. It is

**FURTHER ORDERED** that Defendants' [28] Renewed Motion For Summary Judgment, and Plaintiff's [31] Motion For Summary Judgment are **DENIED AS MOOT.**

This is a final appealable Order. *See* Fed. R. App. P. 4(a).