**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **KIMBERLY F. TRACY**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 15-cv-403 (TSC) |
| | ) | |
| **U.S. DEPARTMENT OF JUSTICE,** | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION**

The present dispute involves a Freedom of Information Act ("FOIA") request made by Plaintiff Kimberly F. Tracy. In January 2015, Plaintiff submitted a FOIA request to the Federal Bureau of Investigation ("FBI") seeking all records pertaining to herself. Specifically, Plaintiff sought records relating to FBI interviews, victim reports, and a telephone call she made to the agency on a specified date. In February 2015, the FBI acknowledged receipt of her request, assigned a tracking number and advised Plaintiff that it was searching its records.

Having received no records by March 19, 2015, Plaintiff initiated the present lawsuit. The FBI released eight pages of records (either in whole or part) to the Plaintiff on May 14, 2015, along with an explanation identifying the FOIA exemptions that supported any redactions. (ECF No. 14-1, Hardy Decl. ¶¶ 8, 23-26). On June 15, 2015, the FBI filed a Motion for Summary Judgment, arguing that the agency had

fulfilled is obligations under FOIA by conducting a proper search and releasing documents to the Plaintiff, along with support for its redactions.

In response to the FBI's motion, Plaintiff filed a combined response and cross-motion for summary judgment that contained no challenge to the FBI's substantive arguments. Rather, Plaintiff cited to the FOIA statute and pointed out that the agency had failed to "determine whether to comply with [her] request by March 10, 2015" as required by statute. (ECF 15, Pls. Br. at 1)(citing 5 U.S.C. § 552(a)(6)(A)).

With respect to the time frame in which an agency must respond to a FOIA request, the statute provides that:

> Each agency, upon any request for records made under paragraph (1), (2), or (3) of this subsection, shall—
>
> (i) determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination. . . .

5 U.S.C. § 552(a)(6)(A)(i).

Thus, it appears that Plaintiff's sole argument in support of her claims was based upon the agency's failure to disclose the requested documents, as required by statute, within 20 days after she made her FOIA request. Relying on this failure, Plaintiff sought summary judgment in her favor. (Pl. Br. at 1-2). Plaintiff also requested an award of reasonable litigation costs, her fees and "any other relief that the Court deems just." (Pl. Br. at 2).

On July 15, 2015, this court issued an order advising Plaintiff that her failure to respond to the legal arguments raised by the FBI in its motion for summary judgment could be treated as a concession. (ECF No. 17). The court allowed Plaintiff until July 17, 2015 to notify the court whether she wished to supplement her response to Defendant's motion. (*Id.* at 3). On July 17, 2015, the Plaintiff informed the court that she did indeed wish to supplement her motion. (ECF No. 18).

On July 21, 2015, Plaintiff—who has been granted ECF filing privileges—filed a document that she described on the court's docket as a "Motion to Withdraw." (ECF No. 19). However, the body of the document failed to contain a motion; instead the document contains the following proposed order:

Upon consideration of Plaintiff's Motion for Withdrawal without prejudice for this case, it is by the Court this ___ day of _____, 2015.

ORDERED that Plaintiff's Motion for Withdrawal without prejudice of the above captioned matter, and hereby is, granted:

_____
TANYA S. CHUTKAN
UNITED STATES DISTRICT JUDGE

(ECF. No. 19). The Clerk of the Court subsequently entered a Notice informing Plaintiff that a proposed order must be attached to a motion. (July 22, 2015, Notice of Error).[1] The Clerk also terminated Plaintiff's motion and requested that she refile her

---

[1] Pursuant to the local rules, "[e]ach motion and opposition shall be accompanied by a proposed order." LCvR 7(c).

document.  (*Id.*).  Plaintiff has not responded to this Notice from the Clerk, nor has Plaintiff made any subsequent filings.

## A.  SUMMARY JUDGMENT IN FOIA CASES

Summary judgment is appropriate where the record shows there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Waterhouse v. District of Columbia,* 298 F.3d 989, 991 (D.C. Cir. 2002).  "FOIA cases typically and appropriately are decided on motions for summary judgment." *Georgacarakos v. FBI*, 908 F. Supp. 2d 176, 180 (D.D.C. 2012) (citation omitted).  The district court conducts a <u>de novo</u> review of the government's decision to withhold requested documents under any of FOIA's specific statutory exemptions.  5 U.S.C. § 552(a)(4)(B) (emphasis added).  The burden is on the government agency to show that nondisclosed, requested material falls within a stated exemption.  *Petroleum Info. Corp. v. U.S. Dep't of the Interior,* 976 F.2d 1429, 1433 (D.C. Cir. 1992) (citing 5 U.S.C. § 552(a)(4)(B)).  In cases concerning the applicability of exemptions and the adequacy of an agency's search efforts, summary judgment may be based solely on information provided in the agency's supporting declarations.  *See, e.g.*, *ACLU v. U.S. Dep't of Def.,* 628 F.3d 612, 619 (D.C. Cir. 2011); *Students Against Genocide v. Dep't of State,* 257 F.3d 828, 838 (D.C. Cir. 2001).

> If an agency's affidavit describes the justifications for withholding the information with specific detail, demonstrates that the information withheld logically falls within the claimed exemption, and is not contradicted by contrary evidence in the record or by evidence of the agency's bad faith, then summary judgment is warranted on the basis of the affidavit alone.

*ACLU,* 628 F.3d at 619. "Ultimately, an agency's justification for invoking a FOIA exemption is sufficient if it appears 'logical' or 'plausible.'" *Id.* (quoting *Larson v. Dep't of State,* 565 F.3d 857, 862 (D.C. Cir. 2009)) (internal quotation marks omitted).

## B. ANALYSIS

The FBI is entitled to summary judgment based on the undisputed record presently before the court. In support of its motion for summary judgment, the FBI proffered the declaration of David M. Hardy to explain the agency's handling of Plaintiff's FOIA request. (ECF No. 14-1). Mr. Hardy is the Section Chief of the Record/Information Dissemination Section ("RIDS"), Records Management Division. (Hardy Decl. ¶ 1). According to Mr. Hardy, the FBI conducted an "index search" of its Central Records System ("CRS"), which includes records relating to applicant, investigative, intelligence, personnel, administrative and general files. (Hardy Decl. ¶¶ 9, 16-19). The search involved two variations of Plaintiff's name, "Tracy, Kimberly, F" and "Tracy, Kimberly." (*Id.* ¶ 18).

As a result of the search, the FBI located eight pages of records and then processed them to determine whether they contained any information that is exempt from disclosure pursuant to FOIA. (*See id.* ¶¶ 8, 23). Ultimately, the agency released all eight pages to the plaintiff, either in full or in part, (*id.*), but each page contained information that "detail[ed] the nature of the information withheld pursuant to the provisions of the FOIA," (*id.* ¶¶ 24-26). The FBI withheld the following information: names and/or identifying information of FBI Special Agents and support personnel; names/and or identifying information of third parties merely mentioned; names and/or identifying information of third parties of investigative interest; names, numbers

and/or alpha designators of sensitive FBI Squads or units; database information and/or print outs;[2] and FBI internal Web addresses. (*Id*. ¶ 26). All of the redacted information was withheld pursuant to one or more of the following FOIA exemptions:

1.  Exemption (b)(6): "personnel . . . files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy"; and

2.  Exemptions (b)(7)(C): "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy"; and

3.  Exemption (b)(7)(E): "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law."

5 U.S.C. § 552(b)(6) – (b)(7).

Although she was given two opportunities to challenge the adequacy of the search or the FBI's justifications for withholding some of the information found in these records, Plaintiff has failed to do so. Rather, she first challenged the timeliness of the disclosures and later appeared to seek dismissal of her lawsuit without prejudice.

Dismissal of this action without prejudice is not appropriate. Based on the present record, the FBI's unrefuted declaration shows that the agency conducted an adequate search for responsive records and those records were released to Plaintiff, albeit with some redactions. Moreover, Plaintiff has not come forward with any arguments that might refute the FBI's

---

[2] These databases contain counterterrorism and investigative data that, if disclosed, "could enable criminals to employ countermeasures to avoid detection, thus jeopardizing the FBI's investigative mission." (Hardy Decl. ¶ 40).

position that it properly withheld information under FOIA exemptions (b)(6), (b)(7)(C), and (b)(7)(E), and that the agency disclosed all non-exempt information. Thus, Plaintiff is not entitled to have this action dismissed without prejudice.

Likewise, Plaintiff is not entitled to relief simply because the FBI disclosures were made more than 20 days after Plaintiff submitted her FOIA request. *See* 5 U.S.C. § 552(a)(6)(A)(i). "[A] lack of timeliness or compliance with FOIA deadlines does not preclude summary judgment for an agency, nor mandate summary judgment for the requester." *Landmark Legal Found. v. EPA*, 272 F. Supp. 2d 59, 68 (D.D.C. 2003). "Once the Court determines that the agency has, 'however belatedly, released all nonexempt material, [it has] no further judicial function to perform under the FOIA.'" *Jacobs v. Fed. Bureau of Prisons*, 725 F. Supp. 2d 85, 89 (D.D.C. 2010) (citation omitted). Thus, "[i]f the agency does not adhere to FOIA's explicit timelines, the 'penalty' is that the agency cannot rely on the administrative exhaustion requirement to keep cases from getting into court." *Citizens for Responsibility & Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180, 189 (D.C. Cir. 2013). "Once the records are produced the substance of the controversy disappears and becomes moot since the disclosure which the suit seeks has already been made." *Crooker v. U.S. State Dep't,* 628 F.2d 9, 10 (D.C. Cir. 1980)

## C. CONCLUSION

Even though the FBI failed to disclose the requested documents in a timely manner, the FBI is entitled to summary judgment because it has now fulfilled its obligations under FOIA by conducting a reasonable search and disclosing all non-exempt information. By separate order

this court will enter judgment for the agency, and deny Plaintiff's cross-motion for summary judgment.

Date:  July 31, 2015

_Tanya S. Chutkan_
TANYA S. CHUTKAN
United States District Judge